BREAUX, C. J.
Plaintiff charges defendant with having struck her in the face with his fist, bruising and disfiguring her face. She also charges that he at the same time cursed her without, provocation. Two thousand five hundred dollars damages is the amount for which she sues — $2,000 of this sum for mortification and humiliation to her feelings, and $500 for damages, vindictive and exemplary. The case was tried before the judge without a jury. The judgment was for $100, from which defendant appeals, and plaintiff has asked for an amendment.
Both counsel for defendant and counsel for plaintiff agree in the statement that the case presents only issues of fact.
Defendant is the owner of the New York Confectionary in this city. In connection with this confectionary he has a restaurant.
The records disclose that he on a certain day lost his temper by reason of the fact that one of his orders was violated by plaintiff. Two persons came into his restaurant for meals, wearied of waiting, left, and, as they were leaving, defendant became interested, as he did not see them step to the counter to pay.
Upon inquiring, he found that the waitress, instead of serving lunch, was taking her own lunch. Under the rules of the defendant, she and the other waitresses were to take their lunches every day at 2 o’clock. *39 It was only half-past 1, and persons calling for meals were leaving, because they did not find this waitress (the plaintiff) at her table.
Defendant was angry evidently.- He went to plaintiff. She-said that she hadheen told, by the head waitress,, who seems to have had some authority in the premises, that she could take her lunch.
He went to the head waitress, who denied that she had said anything of the sort to plaintiff. Returning to the plaintiff, in his anger he used and applied the word “lie.” He did not seek to soften the -situation by saying that she had been untruthful, but charged her in an angry manner with the lie direct.
To this point of the difficulty the parties substantially agree in their statement.
With reference to the blow, a stout denial is interposed by defendant, while plaintiff persistently charges that she was struck as alleged. Of one fact we are convinced. If plaintiff was struck, the blow was not as violent as she alleges. Furthermore, we are equally as convinced that the occurrence was not so entirely without provocation as plaintiff seems to imagine, and this, we think, accounts for the limited amount of damages allowed by the learned judge of the district court.
There were four witnesses present. Three testified, and the testimony informs us that the fourth witness, whom the defendant expected to have examined as a witness, on the very day she was to testify, was married, and left New Orleans for parts unknown, we infer; for defendant does not seem to know where she went, or to have given himself any further concern about her testimony.
Of the testimony of the remaining three witnesses, defendant says their statements as witnesses are contradictory and inconsistent. It is true these witnesses' did not agree in every particular, and they did not make consistent statements in regard to every detail.
There was some variety in the different, statements.
One did not relate the circumstances precisely- as the other did. But there was “substantial unity” about the main charge. They all agreed in the statement that she was struck by defendant. Some one did not-notice an incident of the assault and battery, which the • other did. Description of the place, perhaps, did not correspond with the actual fact. This is not sufficient to successfully impeach the testimony. Details may not be noticed, and the witness none the less be correct and sincere in regard to the main act.
■Wharton, borrowing from Paley’s Evidence, says that substantial unity is an incident of reliable testimony. Section 381.
Defendant introduced several witnesses, who testified that plaintiff’s witnesses had at different times made statements to his witnesses different from their account under oath in the case.
Bias is charged by plaintiff. These witnesses were employes, and seemed to have-taken interest in defendant’s affairs. They did not convince the district judge, in whose presence they testified, that their testimony involved the impeachment of plaintiff’s witnesses.
They only referred to the incidental statement of plaintiff’s witnesses. Not one swore that any of theibe witnesses had stated that defendant did not strike the blow, although, they did state that the account of the trouble to them was different from that related by the witnesses in the case. We do not think we should set aside this judgment. We are convinced that the preponderance of the testimony shows that defendant was at fault. Although the waitress should not have openly violated the rule, defendant went too far in his attempt at discipline. She was entitled to milder treatment than she received from her employer. We de *40 cline to amend the judgment by allowing larger damages.
We cannot do less than affirm the judgment.
For reasons assigned, the judgment is affirmed.