(50 South. 592.)

No. 17,497.

HARVEY v. HARVEY.

(Oct. 18, 1909. Rehearing Denied Nov. 15, 1909.)

1. ASSAULT AND BATTERY (§§ 12, 34*) — ACTIONS FOR DAMAGES—MITIGATION.

Mere abusive words, however insulting and irritating, will not justify an assault and battery; but, in a civil action for damages, such provocation may be considered in mitigation of damages.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 10, 48; Dec. Dig. §§ 12, 34.*]

2. APPEAL AND ERROR (§ 1002*) — REVIEW — QUESTIONS OF FACT.

In actions for damages, where the evidence is conflicting, the verdict of the jury is entitled to great weight, both on the facts and the quantum of damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Edna L. Harvey against Horace H. Harvey. Judgment for plaintiff, and defendant appeals. Affirmed.

Dart & Kernan, for appellant. Charles Louque, for appellee.

LAND, J. Plaintiff sued for damages for an alleged malicious slap in the face administered by the defendant, who for answer admitted the assault and battery, but pleaded son assault demesne in the way of a violent kick, and that the plaintiff provoked the difficulty.

A divided jury found a verdict in favor of the plaintiff for the sum of $500 and costs.

The trial judge seriously doubted the correctness of the finding of the jury, but at the same time overruled defendant's motion for a new trial, to the end that "this unfortunate family disturbance be finally settled" by a judgment of the Supreme Court.

The defendant has appealed, and it becomes our duty to review the verdict, both on the law and the facts.

Plaintiff is a divorced woman, who has resumed her maiden name. She is a niece of the defendant, who was secretary and manager of the Harvey Canal Company. Plaintiff was a stockholder of the same corporation, and was also president and manager of a brick manufacturing company, located on the Harvey Canal, and using the same for the purposes of transportation. It appears that there was friction between the plaintiff and the defendant over business matters, and that plaintiff, womanlike, had aired her grievances in the community.

On July 23, 1907, the plaintiff went to the defendant's office for the purpose of using the long-distance telephone. Defendant came in, and a conversation arose over the payment of canal tolls due by the plaintiff. According to plaintiff's version, she owed tolls, but did not know the amount, and, on so saying, the defendant contemptuously remarked, "Such brains!" and also denied any knowledge of a certain agreement relating to tolls which the plaintiff asserted she had made with the company.

Defendant's version, in the main corroborated by the testimony of his bookkeeper, is

that, on his request for a settlement of tolls, the plaintiff flew into a violent passion, and poured forth a torrent of abusive language, relative to the manner in which the defendant had treated herself and others in business transactions.

Thereupon the defendant left his office and walked rapidly down the hall toward the front porch. The plaintiff immediately followed on his heels, crying, "You snake in the grass!"

When the parties reached the porch, a "fight" ensued.

Defendant testified that the plaintiff, coming on the porch, called him a "hound" and kicked him. Plaintiff testified that she did not kick him, or attempt to kick the defendant, and did not use such abusive epithet, but that, when she reached the porch, the defendant turned and slapped her in the face. The only witness who claims to have seen the beginning of the affray testified that the defendant struck the first blow; and the defendant himself stated to a friend that he had slapped plaintiff because of "words" spoken by her. It does not appear that the defendant, on the occasion in question, stated to any one that the plaintiff had kicked him.

On the conflicting evidence in the record, we are not prepared to say that the defendant has sustained his plea of self-defense; but it abundantly appears from the testimony of independent witnesses that the plaintiff, after insulting and abusing the defendant in his office, followed him to the porch, still villifying him.

Of course, in criminal law, mere insulting words do not justify an assault and battery. They, however, constitute provocation, and the question is what effect provocation has in a case of this kind.

This court, in Massett v. Keff, 116 La. 1107, 41 South. 330, where the plaintiff sued for damages for assault and battery, said:

"He was, therefore, the offender and aggressor from beginning to end, and his case falls within the doctrine that he who is in fault, and sues for damages resulting therefrom, cannot recover for the injuries inflicted on him, although the perpetrator was not justified in law in his conduct"—citing a number of authorities.

In Johns v. Brinker, 30 La. Ann. 241, the plaintiff, a chambermaid on a steamboat, sued defendant, the captain, for damages for assault and battery. This court, finding that the blow complained of was provoked by the plaintiff's insolence, insubordination, and threats of personal violence, affirmed the verdict in favor of the defendant. In all the cases in our own Reports on this subject which have been cited by counsel there was some act of physical aggression or threat of violence on the part of the complainant. In Massett v. Keff, 116 La. 1107, 41 South. 330, there were villification, threats, and a hostile attitude, which induced the defendant to believe. that he was about to be assailed.

Where the alleged provocation consists of mere abusive words, however much they may be calculated to excite and irritate, they will not justify an assault and battery; but in a civil action such provocation may go in mitigation of damages. Richardson v. Zuntz, 26 La. Ann. 313. This rule is in accord with the general jurisprudence on the subject. See 4 Cent. Dig. Assault and Battery, 48 (C).

Hence the provocation in this case does not excuse or justify the assault and battery in question, but merely constitutes a mitigating circumstance in favor of the defendant.

Considering the state of public sentiment on the subject of assaults and batteries by men or women, we are persuaded that the jury, in assessing the damages, gave the defendant the benefit of all the mitigating circumstances of the case. We must assume that the jury found that the defendant did not strike in self-defense. If the provocation had not been considered, the verdict would in all probability have been for a much larger amount. We cannot say that the verdict

is excessive on the facts disclosed by the record.

Defendant complains of the exclusion of evidence tending to show that the plaintiff on some former occasion kicked another man, without cause or provocation, in the same manner in which she attempted to kick the defendant, according to the averments of his answer.

The relevancy of such evidence in a case of this kind is, to say the least, too remote to affect the final result, and its admission would have confused the issues before the jury, by leading them into the investigation of the right or wrong of plaintiff's conduct in another affray with a different person. Counsel for defendant has not deemed the exclusion of such evidence of sufficient importance to request the remanding of the case for a new trial.

It is therefore ordered that the verdict and judgment be affirmed; defendant to pay costs of appeal.

Mr. Justice PROVOSTY takes no part, not having heard the argument.