No. 2814

Second Circuit

--------

GRAHAM v. McCRORY

--------

(March 14, 1928. Opinion and Decree.)

--------

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 625; Assault and Battery—Par. 12.
Where the issue involved is one of fact, whether plaintiff provoked the difficulty in which he lost his eye, the judgment of the trial court will not be disturbed, unless manifestly erroneous.
Johns vs. Brinker, 30 Ann. 241.

2. Louisiana Digest—Assault and Battery—Par. 4.
An adult who is at fault in provoking a difficulty with a 12-year-old boy wherein he is injured, cannot recover damages for the acts of the boy, even though the boy was not justified in law in his conduct.
Miller vs. Meche, 111 La. 143, 35 So. 491.
Lide vs. Parker, 6 La. App. 648.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John. F. Stephens, Judge.

Action by Sidney Graham against Sony McCrory.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

J. O. Gunter, of Natchitoches, attorney for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. In this suit Sidney Graham seeks to recover judgment against Sony McCrory for the loss of an eye caused by his being intentionally struck therein by Elzy McCrory, defendant's 12-year-old son.

Defendant denied liability and alleged that plaintiff was the aggressor in a difficulty provoked by himself with defendant's son and therein received the injury complained of and for that reason could not recover.

On these issues the case was tried and

there was judgment rejecting plaintiff's demand and dismissing his suit and he has appealed.

## OPINION.

Defendant's son, Elzy, a boy 12 years old, was on his way home from school and he and plaintiff met and stopped at a place where an automobile was being repaired. Oma McCrory, a school-boy companion of Elzy, gave Elzy a cigarette and Elzy started to put it in his coat pocket, whereupon plaintiff said to Elzy in an offensive manner: "I am going to tell the teacher on you." The teacher boarded at his, plaintiff's, house.

The boy, Elzy, testified:

"He (meaning plaintiff) commenced teasing me, and he asked me how come I didn't smoke it (the cigarette) and I told him I didn't want to * * * He said he was going to tell the school teacher and make her whip me, and 'get' me for having the cigarette, and he said he was going to tell my father on me, and make the school teacher whip me * * * He kept on and I shook the stick—I didn't intend to throw it at ᴜᴜm, but it slipped out of my hand* * * He made a move and I shook the stick at him, and I didn't intend to throw it, and it slipped out of my hand."

The plaintiff testified:

"Q. What was the reason, if you know, that the boy struck you?
"A. I don't know.
"Q. You had not teased him?
"A. Never did. As I came up, Oma McCrory went into Richard's store to get a package of Chesterfield cigarettes, and he came out and walked over and gave Elzy one and he went to put it in his pocket, in his coat pocket, and I said 'Son, why don't you smoke the cigarette instead of putting it in your pocket' and he said it was none of my God damned business if I do smoke it or I put it in my pocket.
"Q. What did you tell him about the cigarette?
"A. I said 'I am going to tell the

teacher;' I said 'I am going to tell the teacher'; that was about all.
"Q. About the cigarette?
"A. I said 'I am going to tell the teacher on you' and he put it in his pocket.
"Q. Where did the teacher board?
"A. At my house. Of course I wasn't going to tell it."

Evidently Elzy thought plaintiff was endeavoring to humiliate him in the eyes of his companions and intended to have him punished by his teacher and this provoked him to strike plaintiff in the eye. The affair was deplorable and much to be regretted, but plaintiff provoked the act by interfering in a matter that did not concern him. He was aggressor and his case falls within the doctrine that he who is at fault and sues for damages resulting therefrom, cannot recover for the injuries inflicted on him, although the perpetrator was not justified in law in his conduct.

Massett vs. Keff, 116 La. 1107, 41 So. 330.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.