No.——

First Circuit

———

DEROUEN v. FONTENOT

———

(May 8, 1928. Opinion and Decree.)
(June 12, 1928. Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Assault and Battery —Par. 4.**

Although one was provoked when he saw his boy assaulted by another, nevertheless he is liable for damages for the injuries he inflicted upon him.

2. **Louisiana Digest—Assault and Battery —Par. 9, 11; Damages—Par. 103, 104, 105.**

One hundred dollars for physical harm, mental suffering and humiliation; and one hundred dollars for injury to his ear considered sufficient quantum of damages resulting from a fight.

Appeal from the Parish of Calcasieu. Hon. Thomas F. Porter, Judge.

Action by Cody Derouen against J. E. Fontenot.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Robert R. Stone, of Lake Charles, and A. R. Mitchell, of Lake Charles, attorneys for plaintiff, appellant.

Thomas Arthur Edwards, of Lake Charles, attorneys for defendant, appellee.

MOUTON, J. It is charged by plaintiff in his petition that defendant, on May 1,

1927, assaulted, ill-treated petitioner, and bit off his right ear or a great portion of it. Damages in the sum of two thousand dollars are asked against defendant for physical disfigurement, physical pain, mental suffering and humiliation. Two verdicts were rendered by a jury, rejecting the demand. Plaintiff appeals.

It appears that while prior to the fight in which plaintiff was injured he had slapped defendant's boy who had called plaintiff a liar. Defendant in a reconventional demand claimed damages from plaintiff for this alleged battery on his boy, but the record shows that on his own motion he dismissed his action in reconvention. This matter is therefore eliminated from the contest, and leaves as the sole issue the complaint of plaintiff for the damages claimed by him against defendant.

Defendant came upon the scene when the fight occurred after his boy had been slapped by plaintiff. He sought plaintiff out, and after threatening him, assaulted, slapped or struck plaintiff. He was the aggressor. This fact is well established by a preponderance of the evidence. After being struck plaintiff "clinched" with defendant, and being the weaker man defendant was knocked down. Some of the witnesses say that during the scuffle the heads of the combatants touched, or came close to each other. This would naturally be expected in a struggle of that character. No one, however, actually saw defendant bite plaintiff's ear. When the parties got up from the ground several witnesses say that plaintiff's right ear was bleeding. These witnesses identified the ear where blood appeared, as being the right ear, and where, immediately after the struggle, the blood was seen.

Dr. Fisher says that around May 1, 1927, which was the date of the conflict, that plaintiff called on him to treat his ear. The doctor, in answer to a question by defendant's counsel, admitted that plaintiff's right ear was still there, but said in the evidence that the wound looked a little "bit ragged," and could have been inflicted by human teeth. He said the ear had merely been clipped, and while he was testifying, said, he could then see signs of it. The testimony of the witnesses, with that of the physician makes it quite clear that the ear of the plaintiff was clipped off by defendant during the scuffle. Counsel for defendant contends that this injury to the ear was either the result of a kick by defendant or of a cut from a ring, which we presume, defendant wore on his finger. The proof shows that defendant kicked plaintiff after he was down but that he was kicked on the hip, and not on the ear. The record being silent as to the cut with the ring, it is impossible to escape the conclusion that defendant inflicted the injury on plaintiff's ear. Plaintiff exhibited his injured ear to the Judges of this Court during the trial of the case at Lake Charles. There still appeared a dent or cut in the rim of the ear, but an extremely slight one, and which left a slight disfigurement. Plaintiff is entitled to damages, and the verdicts of the jury rejecting the demand were clearly erroneous. The judgment must therefore be reversed.

There can be no question that defendant was intensely provoked when he saw that his boy had been assaulted by plaintiff. It was but natural that his anger should be aroused, and that he should seek the assailant for some satisfaction. He had no legal right, however, to resort to violence. He should have appealed to the law or the courts along the pathways of civilization for redress. His provocation was great, and with proper regard for the frailties of men, this must be considered in

connection with other facts, in mitigation of damages; also, the fact that the injury was slight, should be taken into account.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against defendant for one hundred dollars for physical harm, mental suffering and humiliation; and one hundred dollars for injury to his ear, making a total of two hundred dollars, with five per cent per annum interest from judicial demand, with all costs of court.