On Motion to Dismiss Appeal.
 

 LAND, J.
 

 This is an action of slander of title involving a tract of land, situated in the parish of Jefferson, and claimed by plaintiff as owner.
 

 Judgment was rendered for plaintiff, and the defendants city of New Orleans and Board of Administrators of the Charity Hospital of said city have appealed.
 

 Appellee has moved to dismiss the appeal mainly on the ground that no citation of appeal has been served upon him, and that failure of citation is due to the fault of appellants.
 

 In the alternative, appellee urges as grounds for the dismissal of the appeal substantially the following:
 

 (a) That no bonds for appeals have been given by the city of New Orleans and the
 
 *901
 
 Board of Administrators of the Charity Hospital of that city.
 

 (b) That the transcript of appeal is informal, as it is not made in triplicate, and that it is incomplete, since numerous documents 'vital to appellee’s interests have been omitted, either through the fault of appellants, or because of their failure to see that the transcript was properly made.
 

 The judgment was rendered in this case on June 14, 1929. On June 20, 1929, appellants filed a petition in the lower court for an order of suspensive and devolutive appeal, and prayed .for service and citation upon appellee, which was ordered by the trial judge on June 21, 1929. On August 12, 1929, the transcript was filed in this court, and on August 15, 1929, the motion to dismiss the appeal was made by appellee.
 

 On September 3, 1929, appellants obtained from this court a writ of certiorari directed to the clerk of the district court of Jefferson parish, commanding him to amend and complete the transcript of appeal, and to transcribe and return as part of the transcript the documents alleged to be missing therefrom, as well as a copy of the citation of appeal.
 

 In compliance-with the order of this court, the clerk of the lower court caused to be filed here on September 6, 1929, a supplemental transcript, which he certifies contains a true, correct, and complete supplement of all proceedings had, evidence heard, and documents filed upon the trial of the case below.
 

 The supplemental transcript contains the citation of appeal, which was served on the appellee in person August 26, 1929, as shown by the return of the sheriff thereon.
 

 It appears, therefore, that the transcript of appeal now before us is complete and that appellee has been cited to answer the appeal.
 

 It is well settled that no fault is imputable to an appellant for failure of the clerk to prepare the citation when asked for, or of the sheriff to serve the same when issued. Coekerham v. Bosley, 52 La. Ann. 65, 67, 26 So. 814, and cases there cited.
 

 No specific directions were given by appellants to the clerk of the lower court as to the preparation of the transcript of appeal, and, in the absence of such directions, the clerk must make up the transcript “as the law directs.” Act No. 265 of 1918.
 

 Appellants clearly are not guilty of fault because the citation was omitted from the original transcript, which was filed in triplicate in this court, and thereafter supplemented in triplicate, under the order of the court.
 

 It is expressly provided in section 8 of rule 1 of the rules adopted by this court that: “In the absence of instruction from litigants, citations, notices and returns, writs — mesne or final, etc., shall be omitted from the transcript, but may be supplied upon timely application to this court by either of the parties to the appeal, upon showing their materiality.” 136 La. viii.
 

 It is evident, therefore, that the mere omission of the citation from the transcript is not such a diminution of the record as to be fatal to the appeal, but that such omission may be supplied by either the appellant or appellee.
 

 The city of New Orleans is expressly exempted from furnishing bond and security in any judicial proceeding. Act No. 159 of 1912, § 61.
 

 The same exemption is extended to state, parish, and municipal boards or commissions, and may be claimed, in the present case, by the Board of Administrators of the
 
 *903
 
 Charity Hospital of the City of New Orleans. Act No. 173 of 1902.
 

 The motion to dismiss the appeal is therefore denied and overruled.