MIORIANA ET AL. v. STAR CHECKER CAB CO., INC., ET AL.

———

(July 1, 1931. Opinion and Decree.)
(October 19, 1931. Rehearing Refused.)

———

James N. Brittingham, Jr., and M. C. Scharff, of New Orleans, attorneys for plaintiffs, appellants.

P. L. Fourchy, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. Mrs. Rose Mioriana was run down by a taxicab at about 7:30 p. m. of the evening of April 2, 1930. She received injuries from the effect of which she died. Her major children bring this suit against Gilbert Rhodes, the driver of the taxicab, and the Star Checker Cab Co., Inc., his employer, claiming $22,896.50 as damages for the alleged negligent killing of their mother.

The case was tried before a jury which brought in a verdict in favor of defendants dismissing plaintiffs' suit. Plaintiffs appeal from a judgment based upon that verdict.

The accident happened on Governor Nicholls street, between Marais and Villere streets. The taxicab, just prior to the accident was proceeding on Governor Nicholls street going from the river towards the lake. As it passed Marais street a truck moving in the opposite direction made it necessary for the driver of the taxicab to drive towards the right. As he did so, and when within four or five feet of the downtown curb of Governor Nicholls street, he struck Mrs. Mioriana who, according to some witnesses, had just entered the street from the downtown side with the intention of crossing over to the uptown side and, according to other witnesses, had almost completed the crossing from the uptown to the downtown side.

Plaintiffs' counsel insist that Mrs. Mioriana crossed from the uptown side of Governor Nicholls and had almost succeeded in crossing the street, being within four or five feet of the curb when she was struck, and, that she was in plain view of the driver of the taxicab during the entire time in which she was slowly negotiating the crossing. Mrs. Mioriana was 75 years old, weighed 250 pounds and was five feet, four inches tall, consequently she was very slow in her movements.

Defendants' counsel insists that Mrs. Mioriana did not cross from the upper to the lower but started to cross from the lower to the upper side and, that she was at no time within the vision of the driver of the taxicab until there was no opportunity to avoid striking her but, in any event, she was crossing in the middle of the block, and was guilty of contributory negligence which continued up to the moment of the accident and bars plaintiffs' recovery.

Assuming that Mrs. Mioriana's negligence in thus crossing the street, for it is admitted to have been negligent, was passive, as her counsel contend, and not an active and contributing factor in the accident, it is obvious that the case turns upon a question of fact, that is to say, whether under the prevailing circumstances the taxicab driver could or should have seen Mrs. Mioriana at a time when there was an opportunity to avoid striking her. The witnesses differ in their estimate of the speed of the cab and also concerning the distance from the parked automobile and the point where the accident occurred as well as the point from which Mrs. Mioriana started to cross the street. At least one of plaintiffs' witnesses has been

discredited. We cannot say that the testimony clearly preponderates in plaintiffs' favor. The judge, jury and counsel visited the scene of the accident and according to the record, made a minute inspection of the locus in quo with photographs and tape line with the result that defendants were absolved of responsibility for the accident.

In view of the careful consideration of the jury and the fact that the record does not indicate a marked preponderance either way we see no reason to disturb the findings of the jury and the judgment based thereon, consequently, and for the reasons herein given, the judgment appealed from is affirmed.

JANVIER and HIGGINS, JJ., absent and take no part.

DUNBAR, JR., Judge ad hoc, participated.

----

ON MOTION TO DISMISS APPEAL

PER CURIAM. Appellees move to dismiss this appeal on three grounds:

First, that no citation of appeal has been issued; second, that in the petition for appeal the judgment is referred to as having been rendered and signed on February 27, 1931, whereas the judgment was in fact rendered on February 20, 1931, and signed on February 27, 1931; third, that the bond is defective because it refers to the judgment as having been rendered on February 20, 1931, but mentions no date on which the said judgment was signed.

First. The failure to issue citation is not chargeable to appellants, since, in the petition for appeal, they prayed that citation be issued, and in the said prayer set forth the names of the defendants on whom they desired citations of appeal served. Under sections 36 and 1907 of the Revised Statutes, and under article 898 of the Code of Practice, we are not permitted to dismiss an appeal because of any defect, error, or irregularity in the petition or order of appeal, or in the citation of appeal, or in the service thereof, unless it appears that the error is imputable to the appellants. The failure to serve citations of appeal on defendants might be chargeable to appellants if the issuance of the citations had not been prayed for in the petition and if the names of the parties to be cited had not been set forth. Adams v. Dermody et al., 21 La. Ann. 238; Guilbeau v. Cormier et al., 21 La. Ann. 629; Gerodias v. Handy et al., 31 La. Ann. 334; McCutchen v. Hudson, 132 La. 178, 61 So. 157; Comire v. Schiro Amusement Co., 6 La. App. 441. But since the citation was prayed for, the fact that it was not issued cannot be said to be imputable to the appellants.

The complaint that the petition does not correctly describe the judgment from which the appeal is taken is not sufficiently serious to justify our dismissal of the appeal. Only one judgment was rendered in the case and the fact that it was referred to in the petition for the appeal as having been rendered and signed on February 27, 1931, was not prejudicial to the interests of appellees.

The situation is the same with reference to the failure in the bond to mention the fact that the judgment was signed on February 27th. In each case the error or omission was entirely harmless. We think that the decision of the Supreme Court in Phillips v. Phillips, 160 La. 815, 107 So. 584, is controlling here.

The motion to dismiss the appeal is overruled.