## QUINN v. BANKER.

### No. 1573.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

Chas. J. Mundy, of New Orleans, for appellant.

A. S. Burns, of Lake Charles, for appellee.

DORE, Judge.

Plaintiff, a colored woman, sues the defendant, a white man, for damages in the sum of $1,000, on account of an alleged assault and battery made by defendant on plaintiff on April 26, 1934, in the town of Ponchatoula, at the Illinois Central Railroad Depot. Defendant alleges that plaintiff was making an effort to strike him with a jar or container of hot coffee, and that he was acting in self-defense when he struck plaintiff. He also alleges that plaintiff had been for some time guilty of stealing doughnuts and other things from his restaurant, and on the occasion of the difficulty complained of he had just caught plaintiff in possession of some doughnuts which she had stolen from his restaurant.

The trial resulted in a judgment in favor of the defendant. Plaintiff has appealed.

Defendant-appellee has filed a motion in this court to dismiss the appeal on the ground that no motion for an appeal was made in open court at the same term at which the judgment was rendered; that the motion and order of appeal was had at a subsequent term of court, and no petition for an appeal was filed.

On Motion to Dismiss the Appeal.

▆ The minutes of the court do not show that the motion and order of appeal

were taken in open court. On the contrary, the order of appeal signed on May 22, 1935, indicates that it was signed in chambers. As to the term of the court, we say in passing that the judgment was signed on November 2, 1934, and the order of appeal was had and obtained on May 22, 1935, within the term of court for the Twenty-First judicial district for the parish of Tangipahoa. In the absence of any showing that the order was entered in open court, we are not authorized to presume that the order was granted in open court. See Ducre et al. v. Succ. of Ducre, 167 La. 133, 118 So. 864.

The motion for the appeal and the order tendered thereon call for the citation of the appellee. Therefore, if no citation of appeal was issued or served (as appears to be in this case), the failure cannot be imputed to appellant, who has asked for the citation of the appellee, and the order of appeal itself ordered a citation to issue. In such a case, the appeal will not be dismissed. Mioriana v. Star Checker Cab Co., Inc., 18 La.App. 333, 134 So. 278, 135 So. 724; Perkins v. Wisner, 171 La. 898, 132 So. 493. The motion to dismiss is therefore denied.

### On the Merits.

Plaintiff was employed by the defendant as a cook in the restaurant operated by him in Ponchatoula. On the morning of the alleged assault, as had been her custom for some time, plaintiff went to the railroad depot to sell the train crew some doughnuts and hot coffee. Plaintiff claims that she paid the waitress at the restaurant ten cents for the doughnuts and ten cents for the coffee. The doughnuts were in a bag and the coffee was in a jar which was also in a bag.

Defendant suspected that plaintiff had stolen the doughnuts from his restaurant, which practice he had suspected on her part for some time. He went to the depot, as he says, to catch her in the act of this petty thievery. It is from this point that the evidence is very conflicting as to what happened.

Plaintiff says that the defendant came out to the train with a stick in his hand and walked up to her, grabbed the bag of doughnuts out of her hand, and started beating her over the head with the stick, at the same time accusing her of stealing the doughnuts; that she threw up her right hand to ward off the blows. Sam Tate, a colored man, says that he saw defendant hit plaintiff three or four times over the head with a stick. Plaintiff put her hand over her head as if defending her head and herself. Robert Lewis (colored) says that he saw defendant strike plaintiff one lick, but was not paying much attention. Mr. Grant O. Lord, the conductor on the train, saw defendant hit plaintiff over the head just as the train pulled up. He was within a few feet of the parties, and says that plaintiff had her hand up over her head, but nothing in her hand.

Defendant admits that he picked up a stick about fourteen inches long as he went to the train looking for plaintiff. He says that the reason why he picked up the stick was because he thought he might have trouble with plaintiff. He further says that he took the bag of doughnuts out of plaintiff's left hand and that she raised her right hand with a coffee pot to strike him; that he then struck her with the stick about three times. He also claims that he hit her because he thought that she was going to hit him with the coffee pot.

Flanagin and Thorne, special officers of the railroad and witnesses for the defendant, say that they saw the difficulty; that defendant grabbed the bag of doughnuts out of plaintiff's left hand, and whereupon plaintiff drew back her right hand with the coffee pot as though she was about to strike the defendant, and at which time the defendant struck the plaintiff once. Both of these witnesses claim to have seen the altercation, yet they say that defendant struck plaintiff only one lick, and neither one saw that with which he struck her, even though they were within a few feet of both parties. Defendant admits himself that he struck plaintiff about three times. The testimony of these two witnesses impresses us as being shaped to favor the defendant as much as possible.

Defendant is partly corroborated in his account of the difficulty by Mr. Wilson, the cashier of the freight office. However, his testimony in some respect is rather vague and uncertain.

Defendant's own testimony makes his position rather untenable. In the first place, he admits getting a stick and putting it under his arm as he went to the place where, as he says, he expected to have trouble with the plaintiff. He grabbed the bag out of her hand. His en-

tire conduct indicates strongly that he provoked the difficulty, however, under great provocation, real or unreal. In addition to the plaintiff and her two negro witnesses, the testimony of the conductor of the train is to the effect that defendant struck plaintiff on the head with the stick while plaintiff raised her hand to ward off the lick. The entire attitude of the defendant, exasperated as he evidently was under the belief that plaintiff had stolen his doughnuts, lends support to the reasonableness of the facts as detailed by plaintiff and her witnesses. It is therefore our conclusion that the assault and battery was not justified.

While defendant is liable for his assault and battery on plaintiff, the fact that the defendant was provoked by the apparent petty thievery of the plaintiff in stealing his doughnuts should be taken in consideration in establishing the damages. The Supreme Court of our state has clearly stated that provocation is not a defense, but the evidence is introduced in mitigation thereof. See 1 Louisiana Digest, Assault and Battery, p. 684, cases cited therein together with Deppeart v. Rombotis, 115 La. 49, 50, 38 So. 890.

Plaintiff lost, according to her testimony, two months of work on account of her injury. We feel that $48 will fully repay her for this loss. We further think that an additional allowance of $50 for her physical pains and sufferings and such other damages which she may have sustained is sufficient under the circumstances, and she is therefore entitled to a judgment of $98.

The plaintiff has filed a motion setting forth that the defendant has died since the taking of this appeal, and that one W. A. Cobb has been appointed administrator of his estate, and praying that the said administrator be made a party defendant-appellee herein, and which motion is now granted and made final.

The judgment appealed from is reversed and set aside; and, for the reasons heretofore assigned, it is ordered, adjudged, and decreed that the plaintiff do have and recover judgment against the defendant, and/or the administrator of his estate, in the full and just sum of $98, with 5 per cent. per annum interest thereon from judicial demand, until paid, and all costs of court.

. Judgment reversed and rendered.