AYRES, Judge.
This is an action for damages as the result of an alleged assault and battery. Plaintiff alleged that the defendant, suddenly and without provocation, beat and kicked him, inflicting grievous physical injuries, as a result of which he suffered extreme headaches, blackouts, and dizziness, as well as mental pain and anguish. The essential allegations of plaintiff’s petition were denied by defendant who, in reconvention, affirmatively alleged that plaintiff was the aggressor and inflicted upon him personal injuries of a severe nature for which he should be compensated in damages.
On the aforesaid issues, this case was tried with the aid of a jury which found for the plaintiff but knowingly failed to assess the defendant with any monetary damages. From a judgment in accordance with this verdict, but condemning the defendant for costs, both plaintiff and defendant were granted, and now prosecute, devolutive appeals.
The verdict is, at best, ambiguous. Nevertheless, each of the parties-litigant would have it construed as an indication of a favorable intent. We do not deem that we are called upon, or that it is even necessary, to determine, even if from the* language of the verdict it were possible, the-actual intent of the jury. The entire record is before us on these appeals and there has, therefore, devolved upon us a duty to review the record and to make such findings and to reach such conclusions as the record warrants. LSA-C.C.P. Art. 2164. In this regard, an observation of the-court, in an analogous situation, in Warner v. Talbot et al., 112 La. 817, 36 So. 743, 747, 66 L.R.A. 336 (1903), appears appropriate::
“It is evident, however, that in a civil case, where there is no well-founded complaint of the exclusion of evidence,, it becomes immaterial, on the appeal,, whether the charge of the trial judge was right or wrong, since it is the duty and the privilege of this court to apply the law according to its understanding-thereof, and regardless of what the trial judge may have charged.”
Each of the parties charges the other with being the aggressor in the altercation out of which each is alleged to have sustained injuries. More specifically, the question is whether defendant was provoked by-plaintiff’s alleged verbal insults and whether such purported provocation excused or justified defendant’s acts or merely served to mitigate the damages to which plaintiff' might otherwise be entitled. With respect to defendant’s reconventional demands, identical questions relating to plaintiff’s-alleged conduct would be appropriate-should he be held to have been the aggressor.
The assault occurred about 6:00 p. m. on: December 31, 1963, in the office of Al’s Pit-Shop, located on Barksdale Boulevard in: the City of Bossier City. According to> *761 «defendant’s testimony, he was passing by in his automobile and observed plaintiff in ■the office, whereupon he parked his car, entered the building, opened the door to ■the office and confronted plaintiff with the charge that plaintiff had been making de•rogatory remarks about him. A verbal altercation ensued which culminated in an •attack by defendant upon the person of ■plaintiff.
First for consideration is the question of ■provocation. Several witnesses testifying ■on behalf of defendant detailed certain un-complimentary and insulting remarks made by plaintiff with reference to defendant. Examination of this testimony discloses that most of these remarks were made during a political campaign of 1960 — some three years prior to the incident which is a basis of this suit — in which defendant was a candidate for city judge of Bossier ■City. The only other testimony of a similar nature related to remarks purportedly made by plaintiff in a drug store on the morning of the day of the altercation, which remarks were allegedly overheard by two of defendant’s friends, one of whom reported the alleged incident to defendant in person and the other by telephone, both immediately thereafter.
The statements charged to plaintiff, which were to the effect that defendant was a crook and had beaten plaintiff out of some property, unquestionably constituted reflections upon defendant’s character. Of the same import were the statements alleged to have been made by plaintiff in 1960.
With respect to the incidents of 1960, it may be observed that anyone, by offering himself as a candidate for public office, more or less and in a manner, invites a discussion of his qualifications which properly extends to his character and reputation. The remarks attributed to plaintiff on that occasion arose out of solicitations by friends of defendant for support of his candidacy. Any individual who has ever actively engaged in politics is well aware of the fact that he is frequently the target of verbal attacks bordering upon abuse and that any number of uncomplimentary epithets may be applied to him.
The jurisprudence of this State appropriate to the issues presented here was reviewed in Gross v. Great Atlantic & Pacific Tea Co., La.App., 25 So.2d 837, 839-840 (1946 — cert, denied), wherein Judge Jan-vier, as the author of the opinion, stated:
“There are, of course, innumerable cases touching upon the effect in a tort action or in a criminal prosecution for assault of provocative words. The general rule outside of Louisiana is well established and is to the effect that mere words, no matter how insulting or offensive, will not justify an assault. This rule is stated in 6 Corpus Juris Secundum, Assault and Battery, § 17, on page 807, ‘Apart from statute no provocative acts, conduct, former insults, threats or words, if unaccompanied by any overt act of hostility, will justify an assault, no matter how offensive or exasperating, nor how much they may be calculated to excite or irritate.’
“In Louisiana the rule is not so clearly established as is evident from the following quotations from a note to be found in the same volume of Corpus Juris Secundum on page 808:
“ ‘In Louisiana
“ ‘(1) There are cases which, seemingly, follow the rule set forth in the text, and hold that provocation is no defense although it does go to mitigate damages.—Harvey v. Harvey, 124 La. 595, 50 So. 592; Munday v. Landry, 51 La.Ann. 303, 25 So. 66; Quinn v. Banker, La.App., 166 So. 908; Derouen v. Fontenot, 8 La.App. 652.
“ ‘(2) Some merely hold that words alone, no matter how provoking, will not justify an assault.—Harvey v. Har *762 vey, 124 La. 595, 50 So. 592; Munday v. Landry, 51 La.Ann. 303, 25 So. [66] 67; Richardson v. Zuntz, 26 La.Ann. 313.
“ ‘(3) On the other hand, there are expressions in some of the cases which would seem to indicate a contrary rule. Thus, it has been said that one who is himself at fault cannot recover damages for a wrong resulting from such fault, although the party inflicting the injury was not justified in law.—Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456; Fontenelle v. Waguespack, 150 La. 316, 90 So. 662; Bankston v. Folks, 38 La.Ann. 267; Graham v. McCrory, 8 La.App. 22; Lide v. Parker, 6 La.App. 648.
* * * 0 * * *
“'(6) The rule has also been stated to be that one who provokes a difficulty by insults, abuse, threats, or other conduct well calculated to arouse the resentment or fear of another cannot recover for an assault by the latter.— Finkelstein v. Naihaus, La.App., 151 So. 686; Guillory v. Fontenot, 2 La.App. 189.
‘"(7) One case, however, throws some light on the true rule in this state by saying that in those cases where provocation was held to be a defense there were [sic] present some act of physical aggression or threat of violence on the part of the complainant, and holds that provocation short of this is not a complete defense.- — Harvey v. Harvey, 124 La. 595, 50 So. 592.’
"We think, after a consideration of all of these cases, that the Louisiana rule is that provocative words may he pointed to as justification for an assault provided those words were such that under the circumstances it should have been assumed that physical retaliation would be attempted. The views expressed by us in Randall v. Ridgley, La.App., 185 So. 632 and in Bacas v. Laswell, La.App., 22 So.2d 591, are consistent with this conclusion.”
* * * * * *

"The reason is that one who uses zvords, or actions which it may be expected will bring abotct an attempt at retaliation has only himself to blame, if as a result of the attempt at retaliation he, himself, is injured.

"If this reasoning is sound then, in an effort to determine who is responsible as the aggressor in an affray which is commenced by words, it becomes necessary to determine whether the words were such as to justify the conclusion that it should have been anticipated that physical retaliation would be attempted.

"In attempting to determine this all of the facts and circumstances must be taken into consideration because words, which, under certain conditions, might be passed without any expectation of physical retaliation, might, under other circumstances, be looked upon as the certain forerunner of a violent physical encounter.” (Emphasis supplied.)
It appears, therefore, that while abusive, insulting, or defamatory remarks applied by a plaintiff to a defendant may be shown in a civil action as a provocation for assault and battery, this may be done only if the derogatory remarks were such as to justify the conclusion that it should have been anticipated that physical retaliation would be attempted and be looked upon as the certain forerunner of a violent physical encounter. Thus, it must appear that the derogatory remarks were of such recent occurrence and so connected with the assault as to warrant an inference that the assault was committed under the influence of the passion produced by the statements. However, it is too late to interpose a defense of provocation after time for reflection has passed. 6 Am.Jur.2d, pp. 174, 175, verbo “Assault and Battery,” §§ 222-224; Moore v. Blanchard, 216 La. 253, 43 So.2d 599 (1949).
*763 In applying the aforesaid principles to the facts of this case, the conclusion is inescapable that the remarks attributed to plaintiff during defendant’s political campaign in 1960, and of which defendant had knowledge at the time, may not now be asserted as a defense to an assault of December 31, 1963. Under the circumstance of a political campaign and from the language employed, it cannot be assumed or anticipated that physical retaliation would be the result. Moreover, the time for reflection had long passed.
The rule that after time for reflection has passed mere words are insufficient to constitute a provocation for an assault is also applicable to the remarks purportedly made by plaintiff during the forenoon of the day of the assault. Defendant, upon learning of these remarks, was not so aroused or incensed that he then and there sought out or confronted plaintiff with his alleged defamatory statements. Instead, he remained in his office until approximately six o’clock when he departed for his residence, taking a course by which he obviously anticipated he would see plaintiff.
Defendant contends, however, that, as to the remarks made at the time and place of the physical encounter, plaintiff should have anticipated he would have responded by the use of physical force. The testimony on this phase was given by the parties-litigant and by one Hawkins who was the only eyewitness. Admittedly, the testimony of these witnesses is conflicting, to some degree and to some extent, as is the testimony of the police officers who later appeared on the scene. The gist of defendant’s testimony is that plaintiff called him a liar and an s. o. b. This is positively denied by plaintiff and Hawkins.
Thus, it can only be concluded that defendant has failed to establish any justification for his assault upon plaintiff. The fact is, as appears from the record, that defendant went out of his way to seek a personal confrontation with plaintiff and that he acted after deliberation. The record thus leaves no room for doubt that defendant was the aggressor.
Remaining for consideration is the question of quantum. Defendant, approximately five inches taller, fifty pounds heavier, robust and athletic, and seven years younger than plaintiff, participated in sports which, in his youth and while a student, included boxing. In the encounter, plaintiff was knocked to the floor at least twice and was subsequently administered a knee lift. He received bruises and contusions about his body, right thigh, right hip, right arm, face, and head, as well as a lacerated lip. From these injuries plaintiff suffered pain, soreness, and discomfort for a period of several days. Such is not shown to have been unusually severe for the injuries sustained.
Plaintiff contends, however, that he sustained, additionally, a postconcussion syndrome as a result of the injuries inflicted upon him, and that, as a result of such injury, he “blacked out” while driving his car January 3, 1964. For the treatment of this illness, plaintiff was confined to a hospital for approximately two weeks. The proof of causal connection of this illness with the beating administered by defendant is, in our opinion, insufficient. In point of time and sequence of events, it may be that the injuries produced the condition precipitating the blackout. The medical opinion on this point was predicated not upon any objective findings but upon a history of the assault as related by plaintiff. However, in view of past medical history of similar occurrences not shown to have been preceded by physical injuries, it can only be concluded that there exists a mere possibility or, at most, a probability, of causal connection between the altercation and this illness. But this fact is not established to a legal certainty by a reasonable preponderance of the evidence, and it may not, therefore, he considered as a basis for an award of damages.
After giving consideration to the entire record, we conclude that an award of $750.00 is adequate for the injuries, pain, *764 and suffering sustained by plaintiff. No permanent injuries were shown to have been sustained. Moreover, plaintiff is entitled to recover medical expenses incurred in the treatment of the injuries established to have been sustained as a result of the assault and battery. These, we find from the record to be $73.30.
In assessing damages against defendant, we are not unmindful of, but have taken into consideration, the assault and battery committed by plaintiff upon defendant in the presence of the police officers following the original altercation. This act, by which defendant sustained a bloody nose, was unprovoked and unjustified.
Therefore, for the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, William F. Baughman, against the defendant, James B. Wells, for the full sum of $823.30, with 5% per annum interest thereon from judicial demand until paid, and for all costs, including the cost of these appeals.
Reversed and rendered.