43 So.2d 599

**MOORE v. BLANCHARD et al.**

No. 39111.

Dec. 9, 1949.

Robert F. De Jean, Opelousas, for plaintiff, appellant and applicant.

J. Y. Fontenot, Opelousas, for defendant and appellee.

HAMITER, Justice.

While attending a night club owned by Zenon Joubert at Lawtell in St. Landry Parish, plaintiff was assaulted by the club's employee, Edward Blanchard, and, as a result thereof, he suffered the loss of one of his eyes. Later, to recover damages for the injury, he sued both Joubert and Blanchard, alleging that the assault was committed without cause or provocation.

Following a jury trial of the case, in which a defense was made that plaintiff was the aggressor in the encounter, a verdict was rendered in favor of the plaintiff in the sum of $4063, of which $4000 was for the injury and the balance for medical expenses incurred. The verdict was approved by a judgment of the court.

On an appeal to the Court of Appeal, First Circuit, the judgment was amended by reducing the award from $4063 to $1063 and, as amended, it was affirmed. 35 So.2d 667, 670. In so ruling, as its written opinion discloses, that court upheld the jury's finding respecting the defendants' liability. The award was reduced for the following assigned reasons:

"We find that the amount of the award made in this case is excessive. It may be that the jury was prompted by a certain amount of sympathy for a man who had suffered the loss of an eye and also they may have believed the testimony of some witnesses who tried to make it appear that the defendant Blanchard had deliberately gouged plaintiff's eye by twisting his finger around in the socket, thus making the assault a very aggravated one. We are not convinced by the testimony on this point and whilst we don't want to be understood as minimizing the seriousness of an injury such as the loss of an eye, we believe that in this case the award made is too great. We are of the opinon also that there are mitigating circumstances which justify a substantial reduction in the amount of the judgment. The defendant Joubert, who will most probably have to pay the amount awarded demonstrated his desire to operate a lawful, quiet and orderly business by employing not one, but two men to preserve peace in and around his establishment. These are public places and on account of the nature of the entertainment they afford, some of their visitors at times indulge a bit too much in drinking, become obstreperous and it makes the task of these quasi-officials who are hired to maintain peace and order rather hard and difficult. Unconsciously, they may exceed the authority which they have under the law. When they do their employer becomes liable for their actions. However, these are all circumstances which should be taken into consideration in mitigation of the damages to be paid. For these reasons we have decided that the award in this case should be the sum of $1,000 plus the medical expenses of $63 incurred by the plaintiff."

Entertaining some doubt that the reasons assigned were sufficient as a matter of law for the reduction of the jury's award, we issued the writ of certiorari, thereby bringing the record before us for review. In so doing, however, we specifically provided: "Consideration of the case restricted to the question of quantum."

It is well established that an appellate court should not disturb the quantum fixed by a jury or trial judge unless it appears to be manifestly erroneous, for the estimate of damages is left largely to their discretion. Civil Code, Art. 1934; Nash v. Longville Lumber Company, 148 La. 943, 88 So. 276; Caldwell v. City of Shreveport, 150 La. 465, 90 So. 763; Williams et al. v. Pelican Natural Gas Company, Inc., et al., 187 La. 462, 175 So. 28; McGee et al. v. Yazoo & M. V. R. Company, 206 La. 121, 19 So.2d 21.

From the standpoint of just compensation, unquestionably the award of $4000 made in favor of this plaintiff for the loss of his eye is not too large. This is true irrespective of whether or not the jury, in fixing it, sympathized with him or believed the testimony of some of the witnesses that Blanchard committed an aggravated assault. In the jurisprudence of this state are decisions approving much larger compensatory awards for similar losses. Claussen v. Cumberland Telephone & Telegraph Company, 126 La. 1087, 53 So. 357; Johnson v. Pickering Land & Timber Company, 132 La. 425, 61 So. 514; Brevard v. New Orleans Transfer Company, 10 La.App. 772, 123 So. 187.

But do the circumstances (termed mitigating) to which the Court of Appeal refers authorize and justify the substantial reduction that it decreed? These, as shown above, are that the nature of the entertainment afforded by a night club makes rather difficult the task of the quasi officials employed to maintain peace and order, and, by reason thereof, such employees sometimes unconsciously commit unlawful acts for which their employer is liable.

With reference to the question of when surrounding circumstances may be shown to mitigate damages in assault and battery cases, the following general principles are stated in 4 American Jurisprudence, verbo Assault and Battery:

"Sec. 164. Provocation—To Mitigate Punitive Damages.—While abusive, insulting, or defamatory words applied by the plaintiff to the defendant are not a defense to an action for assault and battery, yet they may be shown in mitigation of exemplary damages if they are of so recent occurrence and are so connected with the assault as to warrant an inference that it was committed under the influence of the passion produced by them. The whole theory of the mitigation of damages in such cases is based upon the respect entertained by the law for the frailty of human passions, which looks with an eye of some indulgence upon the violation of good order

produced, at the moment of irritation and excitement, from abusive language..

"In some cases the courts have stated generally that provocation might be considered in mitigation of damages with out referring to any distinction in the application of the rule to exemplary or compensatory damages.

"Sec. 165. To Mitigate Compensatory Damages.—The courts are not fully in accord as to the right of the defendant to introduce in evidence facts of provocation or malice for the purpose of mitigating the actual or compensatory damages. The better rule and the weight of authority, however, are in favor of the proposition that actual or compensatory damages are not subject to mitigation by proof of mere provocation or malice. To hold otherwise would be to allow provocation to be used as a defense, and thus to permit by indirection that which could not be done directly. In some cases the courts have stated generally that provocation might be considered in mitigation of damages, without referring to any distinction in the application of the rule to exemplary or compensatory damages, and there is some authority for the rule that provocation may be shown on the trial of an action to recover damage for assault and battery for the purpose of mitigating the compensatory damages. The reason for the rule allowing provocation to be introduced in evidence for the purpose of mitigating actual or compensatory damages is that as

the plaintiff provoked the assault, he is himself guilty of the act which led to the disturbance of the public peace. * * *

And in Sutherland's Law of Damages, Volume I, Fourth Edition, Section 151, page 464, we find: " * * * When the wrong is done under circumstances arising without the plaintiff's fault, and these furnish a reasonable excuse for the violation of public order, considering the infirmities of human temper, there is no foundation for exemplary damages, but the plaintiff is entitled to compensation. But where there is a reasonable excuse for the violation of public order arising from the provocation or fault of the plaintiff, but not sufficient to entirely justify the wrong done, there can be no exemplary damages and the circumstances of mitigation must be applied to the actual damages. * * *"

In the Louisiana jurisprudence there are cases in which compensatory damages were mitigated by reason of provocation or fault shown on the part of the plaintiffs. Caspar v. Prosdame, 46 La.Ann. 36, 14 So. 317; Bernard v. Kelley, 118 La. 132, 42 So. 723; Harvey v. Harvey, 124 La. 595, 50 So. 592; Leaman v. Feinman, La.App., 146 So. 71. The Harvey case gives the rule as follows [124 La. 595, 50 So. 593]: "Where the alleged provocation consists of mere abusive words, however much they may be calculated to excite and irritate, they will not justify an assault and battery; but in a civil action such provocation may go in mitigation of damages. * * * This

rule is in accord with the general jurisprudence on the subject. * * *"

 From the above-stated legal principles it seems clear that circumstances unrelated to plaintiff's fault or provocation cannot be shown in mitigation of compensatory or actual damages (no authorities to the contrary have been found), although they may be appropriate in the assessment of those termed punitive or exemplary. The latter kind, incidentally, are not recognized in our jurisprudence. McVay v. Ellis, 148 La. 247, 86 So. 783; Spearman v. Toye Brothers Auto & Taxicab Company, Inc., 164 La. 677, 114 So. 591; McCoy v. Arkansas Natural Gas Company, 175 La. 487, 143 So. 383, 85 A.L.R. 1147. To mitigate compensatory damages (in some jurisdictions, including Louisiana, but not in all) only those circumstances with which the plaintiff was connected can be considered.

The jury's award in the instant case, obviously, was in the nature of compensatory, not punitive, damages. Additionally, according to the above-cited jurisprudence involving similar losses, it was not excessive. This being true the award should not be reduced (on the theory of mitigation) unless there appears fault or provocation on the part of the plaintiff in the commission of the assault. The circumstances relied on by the Court of Appeal for mitigating the damages were not of that nature; they related solely to the operation of the business in which plaintiff had no interest.

For the reasons assigned the judgment of the Court of Appeal is now reversed and set aside, and it is ordered, adjudged and decreed that the judgment of the district court be reinstated and made the final decree of this court. Defendants shall pay all costs.

FOURNET, C. J., concurs in the decree.

PONDER, J., dissents.

FRUGE, J., takes no part.