JANVIER, Judge.
This is .an appeal by plaintiffs' from'a judgment dismissing their suit fór .d'amagés *282 for personal injuries and property damage, sustained in an automobile collision which took place at about 6:45 P. M., on September 13, 1948, at the corner of St. Charles Avenue and Louisiana Avenue, in New Orleans. Each of these avenues is a wide thoroughfare, with two driveways separated by a neutral ground.
The Board of Administrators of The Charity Hospital at New Orleans intervened and alleged that it had rendered certain .hospital treatment to the two plaintiffs and had furnished medicines, X-rays, etc., valued at $83.50, and prayed for judgment against the defendant, Sansone, in that amount in the event plaintiffs recover judgment against him. The said Board of Administrators of The Charity Hospital at New Orleans did not appeal from the judgment which dismissed the intervention.
The plaintiffs are Ophelia Lawrence and her husband, Edward Lawrence. They were in a Ford truck, owned by the husband and driven by him, and were on their way out the lower side roadway of Louisiana Avenue towards the lake. The defendant, Nicholas Sansone, was driving his Packard Coupe up St. Charles Avenue. • The two vehicles met in the intersection of the lower roadway of Louisiana Avenue and the lake side roadway of St. Charles Avenue.
The plaintiffs allege that the automatic semaphore traffic light at the corner showed red toward Sansone and green toward them, and that in spite of this, Sansone drove his car into the intersection and into the side of their truck. And they further allege that even if the light was, not favorable to them, the truck which they were occupying had entered the intersection before the car of Sansone and had thus preempted the crossing and that, consequently, they were entitled to the right of way by reason of this preemption. They also allege that San-sone was operating his car at a dangerous and excessive rate of speed and without maintaining a proper lookout.
Sansone denied that he was in any way at fault, and avered that the light, which showed toward the plaintiffs, was red as they entered the intersection, and that they entered it at an excessive speed and in spite of the unfavorable light. He alleged also that, as he approached the intersection, the light toward him was red and that he reduced his speed, and when he was about one-third of a block from the intersection, the light facing him turned to amber and then to green, and that he then proceeded to enter the intersection at a speed of about twenty-five miles per hour.
The most important question in the case is whether the light was favorable to plaintiffs, or to the defendant.
The district judge rendered a written opinion, and as we read that opinion, we reach the conclusion that he found that the light was favorable to the defendant. Counsel for plaintiffs, however, interprets that opinion as holding that the light was favorable to the plaintiffs, but that in spite of this, there was negligence on the part of the plaintiff, Edward Lawrence, and also negligence on the part of the plaintiff, Ophelia Lawrence, and that, therefore,, neither could recover because of their own contributory negligence.
In addition to the defendant, who testified that the light facing him was green or favorable and that, consequently, the light facing the plaintiffs was unfavorable, there is in the record the testimony of two disinterested witnesses, who are certain that the light facing the plaintiffs was unfavorable as they entered the intersection and that they did not stop and wait for it to turn in their favor before they entered it. The testimony of these two witnesses is vehemently attacked by counsel for plaintiffs, but we find nothing in the record to justify the conclusion that they were not telling the truth.
Our conclusion on this disputed question of fact is that as Sansone approached the intersection, the light facing him was red, that he reduced his speed and waited for the light to turn in his favor, and that when it did turn in his favor when he was yet some distance away, he increased his speed to about twenty-five miles per hour and entered the intersection.
We also find that, since the impact took place near the upper side of the lower *283 roadway of Louisiana Avenue and very near to the neutral ground of St. Charles Avenue, the defendant had proceeded into that particular part of the intersection some fifteen or twenty feet, whereas the plaintiffs had proceeded into it only three or four feet, so that it is very obvious that the plaintiffs had not perempted the intersection.
Counsel for plaintiffs make much over the fact that the defendant, Sansone, says that he did not see plaintiffs’ truck at all until just as the accident occurred, and counsel argues, correctly, that the law is well settled that the mere fact that the operator of a vehicle has a favorable light on entering an intersection does not relieve him from all duty and does not entitle him to proceed without taking any precautions at all. But we think that there can be no question that the operator of a vehicle, who •enters an intersection on a favorable light, is justified in presuming that no other vehicle is entering on the unfavorable light and that, therefore, the former, unless he has some reason for looking carefully again in both directions, cannot be considered to be negligent if he does not see a vehicle, which has entered at a considerable speed and in the face of an unfavorable light.
In Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294, the Supreme Court discussed this situation and absolved from negligence the driver of a vehicle who, having looked first to the left and then to the right and having seen no traffic, proceeded over the crossing without again looking. In that case the Supreme Court quoted with approval from Clark v. De Beer, 188 So. 517, in which the Court of Appeal for the Second Circuit said: “She (the motorist) observed no one approaching, so she directed and continued her attention in front of her and proceeded forward. It was not encumbent on her to persist in looking from side to side as she progressed. Sfc * * >S
We are of the opinion that Sansone was not negligent in not seeing the oncoming truck occupied by the plaintiffs. As we have said, the light facing him was green when he entered the intersection and it had been green for the last several seconds before he reached it. His failure to see the truck to' his left after it entered the intersection .was no doubt due to the fact that, ahead of him in the roadway, on St. Charles Avenue, there was another vehicle, which turned to the right into Louisiana Avenue, and his attention was focused on that other vehicle. Had there been the slightest reason for him to expect another vehicle to enter from his left, then it might be proper to say that he was negligent in not devoting even slight attention to any vehicle which might enter from that direction. But he knew that the light facing any vehicle coming from his left was red; he knew that he had looked into that direction, and that just before he reached the intersection there was no other vehicle on that side which, if its driver obeyed the light, could create a dangerous situation. He was under no duty to look again in that direction.
In Thomas v. Roberts, La.App., 144 So. 70, the situation was almost the same, with two slight but important differences. First, in that case the light had turned to green in favor of the car going up St. Charles Avenue only a split second before that car reached Louisiana Avenue, and that car entered the lower roadway of Louisiana Avenue before any other car, which might have entered from the left, had time to clear the intersection. The other distinction lies in the fact that in Thomas v. Roberts the driver of the car going up St. Charles'Avenue should have noticed that there were other cars to his left on St. Charles Avenue which, in spite of the change of the light, remained stationary, indicating that there must have been some other vehicle crossing the neutral ground of St. Charles Avenue.
We think that the doctrine, of Discovered Peril is not applicable to the facts presented in this record. It is true that it has often been held that, where a plaintiff negligently puts himself in a position of danger, a defendant is at fault who, by the exercise of proper care, could have avoided him and did not do so. And it is true that it is well settled that the mere fact that, in such case, the defendant does not discover the plaintiff, does not absolve him from liability if, by the exercise of proper *284 care, he should have discovered plaintiff.
But here wé see no reason' to' hold that the defendant should have discovered the plaintiffs, for the reasons which we have already given. Defendant was justified in assuming that no one would enter the intersection in face of a red light. His attention was directed to the roadway ahead, of to the vehicle which was turning ahead of him from St. Charles Avenue into Louisiana Avenue. It cannot be said that he was negligent in not discovering that the truck occupied by the plaintiffs, due to the carelessness of the driver, had' entered' the intersection on a red light and was proceeding to cross. '
Finding no fault in the defendant, it is unnecessary that we consider or discuss the question of whether or hot the plaintiff, Ophelia Lawrence, was guilty of contributory negligence in not warning her husband that the light was unfavorable.
■, The judgment appealed from is affirmed at, the .cost of appellants.
Affirmed.