.McBRIDE, Judge.
As a result of the automobile accident which happened on July 5, 1953, in the town of Slidell, Mrs. Hettie Ruth Burge, widow of Leroy Harley, sues Sellmirl J. Windolph, Pacific Indemnity Company, and Ohio Casualty Insurance Company, in solido, for $128,836.39 for the death of her husband, Leroy Harley, plus attendant expenses, and also for her personal injuries. Plaintiff was awarded 12000/47675 of $10,000 or $2,517.04 as against Pacific Indemnity Company, and her suit as to the other two defendants was dismissed- The reconventional demand which had been filed by Sellmirl J. Win-dolph was also dismissed.
Pacific Indemnity Company appeals from the judgment in favor of plaintiff and also as “third party aggrieved” insofar as the judgment dismissed the suit against Ohio Casualty Insurance Company. Mrs. Harley also, appealed from -the judgment.
The automobile accident in which the plaintiff was involved was the subject matter- of the case of Futrell v. Pacific Indemnity Company, an opinion and decree in which was handed down by us this day, 79 So.2d 903, and for the reasons assigned therein, Pacific' Indemnity Company, the in'surer of the 'Harley automobile, must be held liable unto plaintiff for her personal injuries under the provisions of Its liability policy, notwithstanding' that Mrs’. ■ Harley was injured through the negligence of her husband and regardless of the circumstance that the policy had been issued in her name and covered an automobile owned by her in which she was riding as a passenger when the accident occurred. See McDowell v. National Sur. Corp., La.App., 68 So.2d 189, writs refused.
Of course, Mrs. Harley is -not entitled to recover' from said insurer for the death of her husband as his negligence was the sole causé of his death.
*914 In some respects the contents of the certified copy of the hospital chart produced in evidence by the plaintiff are as understandable as Egyptian hieroglyphics, but we were able to glean from the chart that the plaintiff suffered a ruptured liver and spleen,, cerebral concussion, compound dislocation and fracture of the right first metacarpalphalangeal joint, fracture of the right tibia median malleolus, multiple fractures of the pelvis and associated .regions, fractures of both pubic rami and hip, laceration and hematoma of the colon, multiple fractures of her ribs involving the fifth, sixth, seventh, eighth, and ninth ribs on tile right side, and the sixth, seventh, eighth, and ninth ribs on the left side, fracture of the right foot and transverse fractures through, the second, third, and fourth metatarsals, multiple lacerations of the hands and face, chin and neck requiring extensive surgery, general abrasions, bruises and contusions about the head and body, post-operative pneumonia, and pye-lonephritis.
We are unable to say what course of treatment was accorded plaintiff. 'However, Mrs. Harley states that upon her arrival at the hospital she .was in severe shock and although she needed immediate exploratory surgery to determine the extent of her injuries, the doctors were not able to operate for several hours as a result of her condition. The operative procedures consisted of the removal of her spleen, repair of the lacerations to the liver and a repair of the laceration of the colon. In addition there was surgery performed to her thoracic cage and the lacerations of both hands and face; the fractured right leg, hip, and ankle were set..
The plaintiff states she remained in the hospital for approximately "three weeks and was then discharged to twenty-four-hour professional nursing care and the supervision of her private physician. The nursing care continued for several months and it was not until October 1, 1953, that the plaintiff was able to arise from her bed. After that she was able to move about for short periods of time with the aid of crutches and by means of a wheel chair. Plaintiff claims that the residual of her injuries consist of arthritis resulting from the pelvic fracture. In addition she claims that she can move about only very slowly and with a decided limp as a result of the .hip, leg, ankle and foot fractures. She also insists that she has lost a portion of the motion of her right hand as a result of the lacerations which she sustained. Plaintiff also sustained certain permanent scars about the forehead, face, chin, right hand, left hand, right and left ankles, left hip and thigh and abdomen, and upon the abdomen from extensive surgery.
The- hospital chart both because if its illegibility and our lack of understanding of medical .words and phrases helps but little and the plaintiff’s testimony alone is to be accorded little probative value in going toward proving the residual of her injuries and the cause of some of her present complaints.
The jury which had the opportunity of hearing plaintiff testify and to observe her person and view the scars and evaluate her physical condition thought that plaintiff had sustained damages in the amount of $12,000, and we do not believe that we should disturb that amount Therefore, Mrs. Harley is entitled to recover 12000/33300 of $10,000 or $3,603.60.
An appellate court is disinclined to interfere with the awards of juries for damages unless they aré clearly excessive or inadequate; and there is no room for interference here. Moore v. Blanchard, 216 La. 253, 43 So.2d 599; Rickerson v. Town of Minden, 127 La. 407, 53 So. 667; Starnes v. Pine Woods Lumber Co., 122 La. 284, 47 So. 607; Mitchell v. Shreveport Laundries, Inc., La.App., 61 So.2d 539; Maddox v. Pattison, La.App., 186 So. 894; Landry v. McNeil Hunter Motor Co., 11 La.App. 380, 122 So. 293.
Therefore, the amount of the judgment in favor of plaintiff is increased to 12000/33300 of $10,000 or $3,603.60 and affirmed.
Amended and affirmed.