GLADNEY, Judge.
This tort action is one of three separate suits which arose from the same automobile accident and were consolidated in the lower court for purposes of trial. In these suits recovery of damages is sought by eight different complainants. In the instant case, plaintiffs George W. Malone, Mrs. Malone, Mrs. Mary Carter, Mrs. Fannie Creech, and Buck Creech have named as defendants the insurers of the two automobiles involved in the accident, American Hardware Mutual Insurance Company, liability insurer of a motor vehicle operated by Mrs. Irene Pipes, and Northern Insurance Company of New York, the insurer of a car driven by Malone. The other cases present actions filed by Spencer E. Pipes and Mrs. Irene Pipes against Malone and his insurer, and by Miss Ozell Fort against both insurers. Following a lengthy jury trial verdicts were rendered against both defendants in favor of all of the named plaintiffs, save George W. Malone, whose demands were rejected. The defendants and Malone have appealed herein and all other plaintiffs except Creech have answered the appeal to secure increases in the awards.
The several claims for personal injuries that prompted this suit arise from a vehicular collision in the intersection of Highland Avenue and Jordan Street in Shreveport, Louisiana, on the 3rd day of August, 1957, about 4.25 o’clock P.M., at which time atmospheric conditions were normal and the streets dry. Immediately prior to the accident a Hudson sedan driven by Mrs. Irene Pipes was proceeding toward the intersection in a northerly direction on Highland Avenue and simultaneously approaching was a Plymouth sedan operated by George W. Malone, who was traveling in a westerly direction on Jordan Street.
We deem it important to describe the locale. Measurements at the intersection show that Jordan Street is 40 feet wide and Highland Avenue 36 feet, 3 inches in width. For approximately one block immediately south of the intersection there is a steep incline on Highland Avenue and vehicles proceeding in a northerly direction on Highland Avenue are going down the hill as they approach Jordan Street. A vehicle traveling west on Jordan Street proceeds forward at a slight incline. Movement of traffic at the intersection is conti'olled by automatic electrical signal lights indicating traffic is to move on green and stop on red.
The occupants of the Malone car were elderly persons. At the time of the collision Mrs. Fannie Malone, aged 68, was sitting on the front seat in the car being operated by her husband, who was 75 *869 years of age; Mrs. Mary Carter, 84, was sitting on the left side in the rear and Mrs. Fannie Creech, 72, was sitting on the right side in the rear. The only passenger in the automobile being driven by Mrs. Pipes, 49 years of age, was Miss Ozell Fort, a younger woman who was seated on the front seat.
Plaintiffs charge Mrs. Pipes was guilty of actionable negligence in driving at an excessive rate of speed, in running through a red light in violation of a Shreveport traffic ordinance and in failing to maintain a proper lookout. All plaintiffs, pleading in the alternative, then invoke the last clear chance doctrine. The latter defense is urged only in the event it should be held that George W. Malone was guilty of negligence contributing to the accident. Pleading also in the alternative, the guest passengers of the Malone car aver that if Malone’s negligence be determined as the proximate cause of their injuries, judgment should be rendered against his insurer based on the negligence of Malone, alleged to consist of entering the intersection against a red light, failing to maintain a proper lookout, disregarding the right-of-way of an automobile which was already in the intersection, and in failing to apply his brakes or take any other action to avoid the collision. As presented on the appeal, resolution of liability appears to have been reduced to an inquiry as to which of the motorists ran a red light and whether either or both made proper observation of approaching traffic when they arrived at the intersection. It is not seriously disputed the rate of speed at which both Mrs. Pipes and Mr. Malone were traveling was approximately the same, 20 to 25 miles per hour.
The verdict of the jury implies both drivers were guilty of negligence, but we are not informed as to the jury’s findings which form the basis of its decision. After due consideration of the evidence we are convinced the sole proximate cause of the accident was the negligence of Malone in driving his automobile through a red light without making appropriate observation of approaching traffic prior to his entry into the intersection. Five witnesses declared they observed the light as the two vehicles entered the intersection. These were Mrs. Pipes, Miss Fort, George W. Malone, Mrs. Mary Carter, and Herman Williams, a motorist who was following immediately behind the automobile driven by Mrs. Pipes. Mrs. Pipes and Miss Fort testified they closely observed the light and it was green for traffic approaching on Highland Avenue. Similar testimony was given by Herman Williams, a disinterested witness. In contradiction thereof Malone and Mrs. Carter testified the Malone vehicle was proceeding on a favorable light. The testimony of Mrs. Carter and Malone is largely discredited by statements attributed to them by Officer C. R. Nunnally of the Shreveport Police Department. The officer arrived at the scene of the accident about five minutes following the collision. He testified he asked Malone if he remembered what color the light was when he went through the intersection, and was told by Malone he did not remember that a light was there. Mrs. Creech and Mrs. Carter, at the hospital where they had been taken following the accident, admitted to Nunnally the Malone car entered the intersection on a red light. In the light of this testimony we must unquestionably find Mrs. Pipes entered the intersection on the favorable light.
We attach significance also to the fact the Pipes car entered the intersection prior to the Malone vehicle. It is undisputed that the point of impact occurred in the northeast quadrant of the intersection. In this connection Mrs. Pipes testified she had crossed the midline of Jordan Street before her car was struck on its right. For-asmuch as each motorist was driving on his right side of the street, Malone moved but a short distance into the intersection before the collision. Photographs taken of the damage inflicted upon the two vehicles clearly disclose the Hudson automobile was struck near its right front door. *870 The deduction from the evidence is inescapable that the Pipes automobile had traversed three-fourths of the distance across Jordan Street at the moment of the impact.
It is earnestly urged by counsel for Northern Insurance Company of New York Mrs. Pipes was guilty of negligence in failing to maintain proper observation of traffic approaching the intersection and except for such dereliction she well might have avoided the accident. Mrs. Pipes testified she had checked the light twice before entering the intersection, the second occasion being when at a point approximately two and one-half car lengths from the intersection, and said further that before entering the intersection she had applied her brakes a little bit to slow down and did not see any traffic coming, so she continued on into the intersection. She said she first observed the Malone car just “split seconds” before the collision. Counsel at this point inquired of Mrs. Pipes whether she could have stopped if she had seen the Malone car when she was 28 feet back from the intersection. The witness responded in the affirmative. Does the answer of Mrs. Pipes confess failure to make proper observation of approaching traffic? We think not. If, upon arriving at the point designated she had looked directly at Malone she would have observed him approaching at a reasonable rate of speed and with ample distance within which to stop for the red light facing him. It suffices, we think, to say that a motorist placed in the position of Mrs. Pipes had the right to anticipate Malone would respect the green light and slow his vehicle. This point of law was considered in Lawrence v. Sansone, La.App.1950, 48 So.2d 281, and Duree v. State, La.App.1957, 96 So.2d 854.
The case of Currie v. Government Employees Insurance Company, La.App.1956, 90 So.2d 482, a decision of this court, is cited as holding that where both motorists approached an intersection controlled by automatic signals, at a speed of less than 25 miles per hour, each was culpable in failing to observe the other notwithstanding the fact one had the traffic light in his favor. The case referred to was controlled by facts dissimilar to those present in the instant case. Herein Mrs. Pipes entered the intersection substantially ahead of the other vehicle, whereas in the Currie case the two automobiles entered the intersection about simultaneously and the collision occurred approximately in the center of the intersection. Likewise, in the cited case because Crockett and McNeil Streets carried one-way traffic, each motorist needed to make observation only in one direction. Here, we note Mrs. Pipes was obliged to watch for traffic from three directions. She could not be expected to concentrate her attention upon traffic approaching from only one direction.
The conclusion we have reached exonerates Mrs. Pipes from fault and places the entire responsibility for the collision upon Malone for running a red light at a time when the Pipes automobile had entered the intersection on the green light. In view of our finding that the sole and proximate cause of the accident was the negligence of Malone, it is unnecessary to discuss the alternate pleas of the plaintiffs.
This brings us to a consideration of quantum, a question which must be resolved upon the peculiar facts relating to each claimant. As we have so often remarked, no definite rule can be formulated suitable for the ascertainment of damages in personal injury cases. In the assessment of such damages we endeavor to maintain a degree of uniformity as far as possible and practicable, to the end that awards will not be out of proportion one with the other. The courts also recognize many factors must be considered in determining awards for personal injuries and in the determination of such much discretion is left to the judge or jury, and as a rule, a determination by the trial court or the jury will not be disturbed except for serious and manifest error.
*871 The negligence of Malone bars his right of recovery and accordingly we approve of the verdict of the jury insofar as it rejects his demands. We note the claim of Creech for medical expenses incurred in behalf of Mrs. Fannie Creech is not contested and, therefore, we find no reason to modify the judgment in this respect. Our ruling on the question of liability must, of course, recognize the right of the remaining claimants to recover from the insurer of Malone but not from the insurer of the Pipes motor vehicle.
For consideration of the question raised on behalf of Mrs. Fannie Malone, Mrs. Mary Carter and Mrs. Fannie Creech as to the adequacy of the verdicts rendered in their favor by the jury, the jury verdicts which were incorporated in the judgment were in the following amounts: Mrs. Malone $4,250; Mrs. Carter $802; and Mrs. Fannie Creech $1,500. Contending that the awards were wholly inadequate complainants have requested increases for each of the above named appellees.
Mrs. Malone, 68 years of age, petitioned the court for the injuries which she enumerated as fractures of the seventh and eighth ribs, aggravation of an enlarged heart with tortuosity of the aorta, fracture through the inferior pole of the patella and also a fracture through the lateral plateau of the tibia with downward displacement, shock, and permanent injury to the nervous system, multiple bruises and contusions, injury to tendons, muscles, bones, soft tissue and the lumbar spine, aggravation of an existing arthritic condition, and a resulting injury to the right ankle and foot, with swelling and pain to date of trial. Immediately after the accident Mrs. Malone was hospitalized where she remained for thirty-one days under treatment of Dr. Norman Lee Mauroner. Her injured leg was kept in a cast for two and one-half months and a rib belt was worn for approximately two weeks. Because of her leg and knee injuries Mrs. Malone did not commence weight bearing until about three and one-half months after the accident. After examination by Dr. Carson Reed on April 15, 1958, he found good recovery from the injuries inflicted in the accident, except the right knee which he thought had reached maximum improvement, but there remained loss of flexion of about 20 per cent. He said the disability of the knee would not prevent performance of her housework. We have no doubt a certain amount of discomfort continued beyond the date of trial. Dr. Mauroner testified Mrs. Malone still evidenced pain on October 28, 1958. The medical' testimony does not indicate there remained any substantial residual effects of injury as of the date of trial. There can be no doubt, however, that Mrs. Malone suffered from an unusual amount of pain and discomfort. The evidence does not justify us in holding the pre-existing heart and arthritic conditions were materially affected by the experience her system underwent as a result of the accident. The award, we think, should be increased to the sum of $6,000.
The complaints of Mrs. Carter are that she sustained as a result of the accident laceration of the right wrist, and severe sprain of the wrist, a fracture of the tenth rib in the anterior axillary line, aggravation of a pre-existing osteo-arthritic condition in the right knee, multiple bruises and contusions of the entire body, aggravation of hypertension and shock to the nervous system.
Mrs. Carter, 84 years of age, was not hospitalized after the accident and the evidence revealed no serious injuries. Rib fracture and aggravation of hypertension were not proven. We find Mrs. Carter was subjected to slight shock and received some minor bruises around the rib cage with a small laceration on the right wrist, and possibly a sprain of the wrist. We do not doubt she endured some pain and a certain amount of inconvenience in the performance of her housework. However, we think her recovery was uneventful and are of the opinion the judgment in her favor was neither excessive nor inadequate.
*872 Mrs. Fannie Creech, aged 72, alleged injuries consisting of a severe com-minuted fracture of the distal radius of the left arm, a soft tissue injury to the left knee, an aggravation of existing arthritis in the knee and arm, multiple bruises and contusions to the body and shock and permanent injury to the nervous system. Mrs. Creech was hospitalized for a period of four days. Her arm was placed in a cast which remained thereon for more than two months. Dr. C. A. Kinnebrew, the treating physician testified that Mrs. Creech suffered severe pain from her wrist and knee and that it would take at least from four to six weeks after the removal of the cast for normal strength to return and this period would perhaps be lengthened because of age of the patient. Mrs. Creech testified that after returning home she was in bed for three and one-half weeks, during which time she was unable to walk because of pain in her 'left knee. When examined on April 15, 1958, Dr. Reed, who was treating her, found Mrs. Creech fully recovered from her injuries except for minimal residual disability of the wrist which he declined to evalúe except to say that extension of the wrist was limited. Mrs. Creech still complained of pain of her knee at the time of trial in November, 1958. We are of the opinion that Mrs. Creech suffered an unusual amount of pain from extensive bruises and contusions about the body and also because of her knee injury and fractured wrist. The other alleged injuries were not substantiated. We think the award of the jury is inadequate and should be increased to the sum of $2,500.
The judgment from which appealed, signed on the 26th day of November, 1958, is amended and recast to read in part as follows :
It is ordered, adjudged and decreed that there be judgment herein in favor of Mrs. Fannie Malone, Mrs. Mary Carter, Buck Creech, and Mrs. Fannie Creech, and against Northern Insurance Company of New York as follows:
Mrs. Fannie Malone '. $6,000.00
Mrs. Mary Carter . 802.00
Buck Creech. 232.25
Mrs: Fannie Creech . 2,500.00
As so amended, the decree is affirmed in all other respects.
The judgment from which appealed, signed on the 8th day of December, 1958, is amended and recast to read in part as follows :
It is ordered, adjudged and decreed that there be judgment herein in favor of American Hardware Mutual Insurance Company and against George W. Malone, Mrs. Fannie Malone, Mrs. Mary Carter, Buck Creech, and Mrs. Fannie Creech, rejecting their demands in full. And as so amended the decree is affirmed in all other respects.
Appellant, Northern Insurance Company of New York, is assessed three-fourths of all costs, including costs of the appeal, and George W. Malone is taxed one-fourth thereof.