GLADNEY, Judge.
Plaintiff herein, Ozell Fort, was a guest passenger in the car driven by Mrs. Irene Pipes involved in an automobile collision on August 3, 1957, at the intersection of Highland Avenue and Jordan Street in Shreveport, Louisiana. This action is against Northern Insurance Company of New York, insurer of the automobile driven by George W. Malone, and American Hardware Mutual Insurance Company, insurer of the automobile driven by Mrs. Irene Pipes, and is for the recovery of damages for personal injuries.
All legal issues relating to liability of the appellants herein have been determined in Malone v. American Hardware Mutual Insurance Company, La.App., 111 So.2d 867. Therein we held the accident was caused solely by the negligence of George W. Malone. The judgment of the trial court cast both respondent insurers solidarily liable to plaintiff in the sum of $303.55 for special damages and $1,500 for personal injuries, a total of $1,803.55. It follows from our ruling that Mrs. Pipes was free from negligence that the demands against the American Hardware Mutual Insurance Company et al. must be denied. Our inquiry, therefore, is concerned only with the question of quantum, and in this connection we note the appellee has answered the appeals and prayed for an increase in the award.
 Miss Fort testified she was riding on the right front of the car and when the impact occurred she was thrown against the dash panel and then back against the seat. She was hospitalized from August 3rd to August 11th, under the professional care of Dr. Wallace Brown. Dr. Brown testified appellee suffered from multiple contusions over the body, and those of the chest, arms and legs, especially were severe. The right ankle was found sprained and the fourth, fifth and sixth ribs on the right side were fractured. Miss Fort had sufficiently recovered to leave the hospital on August 11th and went to the home of her sister in Texarkana. There she remained in bed for a week and was confined within the house until September 23rd. During this time she was treated by Dr. Charles G. Smith, orthopedist of Texarkana, principally for pain and swelling in her right foot and ankle.
Drs. Brown and Smith were of the opinion their patient had a flare-up or aggravation of a pre-existing arthritic condition in the right foot and ankle which they believed delayed full recovery. Miss Fort returned to her job as stenographer on September 23rd but continued to experience some pain and discomfort in the ankle and foot. She received periodic treatments from Dr. Smith, who, after examining her in July of 1958, concluded she had reached maximum recovery with only a small amount of permanent disability in the right ankle and foot. Dr. Carson Reed, Jr., orthopedist of Shreveport, examined Miss Fort on November 12, 1958. He gave his opinion that she had fully recovered at that time. Although appellee was away from her work from August 3rd to September 23rd, her salary was continued and, therefore, she is not entitled to recover for loss of wages.
The jury award, we think, is inadequate and should be increased to $2,303.55, inclusive of special damages,
Our conclusion requires the judgment from which appealed be reversed in part and amended in part, and will be recast to read:
It is ordered, adjudged and decreed that the judgment in favor of Ozell Fort and *876 against American Hardware Mutual Insurance Company be annulled, reversed and set aside, and it is now ordered that there be judgment in favor of American Hardware Mutual Insurance Company rejecting the demands of the plaintiff, Ozell Fort.
It is further ordered, adjudged and decreed that there he judgment in favor of the plaintiff, Ozell Fort, and against Northern Insurance Company of New York in the sum of $2,303.55, with interest at the rate of 5 per cent per annum from the 17th day of July, 1958, and all costs of this suit.