PUTNAM, Judge ad hoc.
This is an appeal by defendants, Baton Rouge Coca Cola Bottling Company, Ltd., and its insurer, Liberty Mutual Insurance Company, from a judgment of the Nineteenth Judicial District Court awarding plaintiff, Albert Goux, the sum of $10,000 as damages for personal injuries allegedly incurred by him when struck by a case of .empty Coca Cola bottles being removed from Farrar’s Parking Lot in the City of Baton Rouge. Trial was before a jury in the lower Court, and the amount awarded plaintiff is the chief item in dispute here.
Plaintiff Goux was seated next to the door to the office of the parking lot, when the truck owned by defendant and operated by one Billy Ross, drove in to pick up empty bottles and replenish the coke vending machine located on the lot. Ross went to the rear of the building, while his assistant, Ruben Davis, entered the office with a hand truck or dolly to remove the empty bottles therefrom. When Davis emerged from the office, an irregularity in the floor caused the top cases to fall in the direction where Mr. Goux was seated. The evidence shows that plaintiff put out a hand in an effort to ward off or catch the toppling cases, as a result of which action he sustained a scratch on the back of his hand. Plaintiff states that he was struck on the right knee by another case, activating a severe case of osteo-arthritis which has since rendered him unable to pursue his usual occupation of pipefitter. Davis; on the other hand, denied that any of the cases struck Goux, and was corroborated to some extent by Billy Ross and Mr. Farrar, who came from the rear of the building when they heard the bottles fall to the parking lot. They saw nothing to indicate that Mr. Goux had been struck on the knee; he did not complain to them of any injury or blow other than the scratch on his hand, and their testimony is that the broken bottles and cases were lying on the side of the door away from that on which Mr. Goux was sitting.
Be this as it may, the jury found from the evidence that Goux had been struck by the falling case as claimed by him. There is also sufficient evidence in the record to justify a finding of negligence on the part of defendant's employee, Davis, as the hand truck was overloaded and he did not use ordinary caution to prevent the cases from spilling when pushing the truck through the door, over a floor he knew or should have known to be unstable or “rickety.”
*651 Defendants complain in this Court that the award made to plaintiff by the jury is too high, and it is not supported by the evidence. The doctors who testified stated that plaintiff had suffered from a degenerative type of osteo-arthritis for many years before the occurrence of the alleged injury, and that at the time thereof the disease was in an advanced state. It is not possible to tell from the x-rays taken of plaintiff’s knee, whether or not the detached body found in the knee joint was caused by a blow, or was merely the result of the disease process. Great significance is placed upon the fact that a similar detached os-seous body is loose in the joint of plaintiff’s left knee by counsel for defendants, and this condition is clearly not due to the accident.
In addition to the radiologist who took and interpreted the x-rays, plaintiff was examined by Dr. Howard Hansen, general practitioner, on July 4, July 10, and September 17, 19S9; by Dr. James Halley, an orthopedic surgeon, on August 28, 1959, and by Dr. Thomas Campanella, an orthopedic surgeon, on September 3, 1959. Dr. Hansen expressed the opinion that the detached osseous body seen in the right knee became detached as a result of the trauma experienced by Goux when the knee was struck by the falling case of Coca Cola bottles. Dr. Halley stated that he was of the opinion that plaintiff had sustained a strain and contusion of this knee, and, with the pre-existing arthritic condition, the period of recovery would be protracted, while Dr. Campanella, on the other hand, was of the opinion that plaintiff’s condition ante-dated the accident and may have been aggravated by the blow. All of the doctors agree that the condition seen in plaintiff’s knees is painful and disabling, and that the condition in the right knee is more pronounced than that in the left knee. There is, therefore, a conflict in the medical testimony as to the amount of residual disability remaining after the accident, and further, as to the actual cause of the disability, that is, whether it was caused by the blow or the disease. The jury was-charged with the duty to consider this-testimony along with all other facts proven in the case, which we will discuss briefly hereinafter.
Plaintiff testified that he began to experience pain in his knee shortly after the accident, but thought it was merely a bruise and would heal itself. He did not complain of being struck at the time, and made no complaint at all until two weeks after-wards, when he called defendant’s manager, Mr. Bock, on the telephone and advised him that he thought he should have some medical attention for his injury. The lay testimony introduced by him was to the effect that plaintiff had always been able to perform his pipefitting job well and was a good worker. He earned $4,904.30 in 1957, and $3,895.50 in 1958, an average of $4,400 per year. According to his testimony and statements made to the doctors by him, his knees had troubled him prior to the accident and he had sought to get jobs which did not require him to stand or climb for long periods of time, but that the pain was greater now, and on the one occasion since the accident when he tried to work, he had to quit after a half-day because of his right knee. It is also apparent from the medical testimony that an operation to remove the osseous bodies from his knees and to smooth the joint surfaces, roughened by the spurring caused by the disease, is indicated treatment.
The jury, having an opportunity to observe and hear the witnesses on the stand and to evaluate their testimony, apparently accepted plaintiff’s version of the accident and the resulting aggravation of his arthritis, and considered same to be disabling. In such cases, an appellate court is reluctant to interfere with the awards of injuries for damages unless they are manifestly excessive or inadequate. Moore v. Blanchard, 216 La. 253, 43 So.2d 599; Rickerson v. Minden, 127 La. 407, 53 So. 667; Mitchell v. Shreveport Laundries, Inc., La.App., 61 So.2d 539; Burge v. *652 Windolph, La.App., 79 So.2d 912; Malone v. American Hardware Mut. Ins. Co., La. App., 111 So.2d 867.
Under the evidence in this record, we find no such manifest error in this case.
For the foregoing reasons, it is Ordered, Adjudged, and Decreed that the judgment of the District Court, in favor of plaintiff Albert Goux and against defendants, Baton Rouge Coca Cola Bottling Company, Ltd., and Liberty Mutual Insurance Company, in solido, the sum of $10,000 is affirmed, defendants to pay all costs.