FRUGE, Judge.
This is a suit brought by Grady O. Ber-ryman, plaintiff-appellant, against International Paper Company and William P. Trewolla, defendants-appellees, to recover damages for assault and battery. The *807 plaintiff has appealed from the trial court’s judgment dismissing his suit.
Berryman, the plaintiff herein, claims that on the afternoon of Saturday, October 22, 1960, while accompanied by his wife and two year old child, he hunted squirrels in the woods east of Olla, Louisiana (the northern portion of LaSalle Parish). Ber-ryman hunted until dusk, then started home. On the way back he turned south on a “short cut” that connected the gravel road on which he had been travelling with the blacktopped Olla-to-Jena highway. A little ways down this dirt road he claims that he had the necessity of answering a “call of nature”. He pulled his car to the right side of the dirt road and stepped into the bushes while his wife and child remained in the car. On the same dirt road, International Paper Company had a tool truck consisting of a tin house built on the rear of a truck in which were kept tools for pulpwood work in the woods, and which had a lock at its rear. International Paper Company claimed that someone had been stealing its tools; on the evening of October 22, some of the defendant’s employees hid near the toolhouse to apprehend anyone who might attempt to tamper or pilfer it.
The plaintiff claims that while he was in the bushes, he heard his car horn blow and hurriedly returned to his car; that he was beat up with a pistol by William P. Trewolla, an employee of International Paper Company, and that Trewolla and the other International Paper Company employees forced him at gun point to get into the trunk of his own car and then locked it; that Trewolla drove plaintiff’s car to the court house, where on arrival he was again beaten and finally turned over to the sheriff. (All of the above transpired in the presence of plaintiff’s two year old child and his wife who was four or five months pregnant.)
The defense is that the plaintiff was caught in the act of burglarizing a tool-house on defendant’s property; that plaintiff was apprehended, taken into custody and turned over to the Sheriff of LaSalle Parish, with no more force being used than was justified under the circumstances. The defendants’ position is that the civilian arrest and apprehension of the plaintiff was justified in the protection of its property.
After considering all the facts and circumstances of this case, we are of the opinion that plaintiff has shown by a clear preponderance of evidence that more force was used than was justified. Besides the testimony of plaintiff’s witnesses in regard to the brutality used, we have in the record the medical report (Tr. 12) of Dr. Guy Campbell, M.D., as to the physical condition of the plaintiff while he was incarcerated in the parish jail the night of the incident.
It is immaterial whether plaintiff was guilty of any crime at the time he was unnecessarily brutalized. Even a law enforcement officer who undertakes to make an arrest and in doing so uses unnecessary violence or brutality will be liable in damages for such injuries as he may inflict. See Stoehr v. Payne, 132 La. 213, 61 So. 206, 44 L.R.A.,N.S., 604. It should follow that civilians who arrest a “culprit” cannot use more force than law enforcement officers. See Oakes v. H. Weil Baking Company, 174 La. 770, 141 So. 456 and Healey v. Playland Amusements, La.App., 199 So. 682.
Of cases wherein people (who were not officers and had no warrant) took the law into their own hands and inflicted blows or indignities, the case of Healey v. Play-land Amusements, supra, involves practically the same situation herein involved. The amusement company had a place at Pont-chatrain Beach where people rode in moving miniature electric cars through a “tunnel” in a darkened building. Along the path which the cars travelled were images of the Devil, witches, skeletons, etc.; these were lighted so that they showed up only as the patron came abreast of them and/or *808 passed them and they were supposed to give the patron a “scare” or “kick”. Someone had been doing damage to some of these figures, and certain employees were stationed in the tunnel to apprehend anyone committing acts of vandalism. On the night in question Healey was in one of the seats riding through when these employees said they thought from his actions that he was fixing “to harm the Devil”. A flashlight was suddenly thrust out of the darkness into Healey’s face by the employees posted to prevent vandalism, and the startled patron attempted to knock the flashlight down and was struck in back of the neck. In the ensuing struggle Healey struck one of the employees in the mouth but was finally subdued and carried to a room where he was again beaten by the employees. The Court awarded damage to the patron and said: “Healey’s captors doubtless thought that they had discovered someone who was about to damage their employer’s property, perhaps one of the miscreants that had been committing the acts of vandalism,” which is what the defendants allege they thought in the instant case. As to their action in jumping Healey suddenly and as roughly as they did in the alley on the basis of what they thought plaintiff guilty of intending to do, the Court said “their action was, to say the least, precipitate.”
Article 2320 of the LSA-Civil Code declares that the masters are responsible for their servants’ conduct, “in the exercise of the functions in which they are employed.” There can be no question but what the employees of International Paper Company were acting within the scope of their employer’s business in the “apprehension” of Berryman.
It is our opinion that plaintiff’s damage claims are excessive. However, when it is clear that a plaintiff has sustained some damage as the result of the fault of defendant, plaintiff’s demands will not be rejected merely because he has not established exactly the amount of com-pensable damage suffered, and, under such circumstances, this court must fix the quantum the best it can. See Brantley v. Tremont and Gulf Ry. Co., 226 La. 176, 75 So.2d 236, and Hidalgo v. Dupuy, La.App., 122 So.2d 639. Considering all the facts and circumstances of this case, including the doctor’s medical report, we believe that an award of $500.00 will adequately compensate the injured party for all damage.
For the reasons stated herein, the judgment of the trial court is reversed and set aside, and judgment is rendered as follows:
ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of Grady O. Berryman and against the defendants, International Paper Company and William P. Trewolla, in solido, in the full amount of Five Hundred and No/100 Dollars ($500.00) together with legal interest from date of judicial demand, until paid, defendants to pay all costs.
Reversed and rendered.