251 So.2d 514 (1971)
Emma STRAWDER, for and on behalf of her minor son, Willie Lee Strawder
v.
Jackie Claude HARRALL et al.
No. 8396.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
*515 James A. Wood, Baton Rouge, for appellant.
John V. Parker, of Sanders, Miller, Downing & Kean, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
TUCKER, Judge.
This is a delictual action filed by Emma Strawder on behalf of her minor son, Willie Lee Strawder, born May 17, 1953, against Jackie Claude Harrall, who allegedly shot Willie Lee in the leg on December 18, 1968, and against his employer, Jefferson Oil Company, on whose premises the shooting took place.
Jackie Claude Harrall was employed by Lawson Hoyt, manager of Jefferson Oil Company, on December 12, 1968. The record reflects that Mr. Hoyt knew that Harrall was on parole from the penitentiary at the time of his being hired, but the record does not establish Mr. Hoyt knew or was familiar with the arrest record of this employee which is listed as follows:
He was arrested 5/6/65 for disorderly conduct, 12/2/65 for burglary and attempted theft, 2/2/66 for burglary and theft, 3/13/66 for burglary and simple drunk, 7/9/66 sent to Angola, Louisiana State Penitentiary for simple for five (5) years, was paroled 3/1/68, arrested 7/4/68 for simple drunk, carrying a concealed weapon, arrested 7/25/68 for simple drunk, carrying a concealed weapon, arrested 12/18/68 for aggravated battery and arrested 5/21/69 for negligent homicide.
Jackie Claude Harrall had been employed by Mr. Hoyt as a service station attendant at the "Gulf Coast" station owned by Jefferson Oil Co., at 3275 North Street, in Baton Rouge, Louisiana, to service automobiles, to sell gasoline, oil and cigarettes, to sweep out the station, to keep the area around the station clean and neat, to keep the restrooms clean, and to fix an occasional flat tire. (Tr. 37)
*516 At approximately 11:30 P.M. on December 18, 1968, Willie Lee Strawder walked across the street and into the aforementioned Gulf Coast station to buy a package of cigarettes. Defendant Jackie Claude Harrall threw the package at Willie Lee and he returned the favor by throwing the money for the cigarettes back at the defendant. Some of it subsequently fell on the floor. The defendant ordered Willie Lee to pick up the money, and when he bent over to do so, Harrall shot him in the leg with a 20-gauge shotgun which he kept at the station, although it was against company policy to have firearms on the premises.
Willie Lee was hospitalized at Charity Hospital in New Orleans for 105 days, during the course of which he sustained several operations to repair his knee. He now suffers permanent damage to his right knee.
Emma Strawder, on behalf of her minor son, sued the defendants for Two Hundred Twenty-five Thousand Dollars and no/100 ($225,000) damages. The lower court granted judgment in favor of plaintiffs and against Jackie Claude Harrall in the amount of Six Thousand and no/100 ($6,000.00) Dollars for his injuries. The court also awarded Four Thousand One Hundred Fifty-one and 55/100 ($4,151.55) Dollars special damages for the benefit of the Charity Hospital. Suit was dismissed against Jefferson Oil Company, and plaintiffs have appealed asking an increase in damages and seeking to hold Jefferson Oil Company responsible for the acts of its employee Harrall. They allege the following specifications of error by the lower court:
1. In failing to apply the doctrine of respondeat superior.
2. In failing to find that the defendant was negligent in selecting his servant.
3. In failing to find that the employer has a duty to protect the public.
4. In failing to allow damages commensurate with the injuries suffered by plaintiff.
5. In failing to grant a new trial.
Under Article 2320 of the Louisiana Civil Code "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed". Since this is a vicarious liability, it has always been interpreted strictly in Louisiana. See Little v. Caterpillar Tractor Co., 169 So.2d 654, 659 (La.App.1st Cir. 1964).
Controversy arose early in the history of this article in regard to the employer's liability for the intentional wrongs of his employee. At first the employer was held not to be liable, because the wrongful act was considered to be outside the scope of the employee's employment. Dyer v. Rieley, 28 La.Ann. 6 (1876); Gaillardet v. Demaries, 18 La. 490 (1841). Later, in the famous case of Williams v. Pullman Palace Car Co., 40 La.Ann. 87, 3 So. 631 (1888), the Supreme Court found that where a delict was committed by one exercising the functions of his employment, the employer would be held liable regardless of the tortious intent of the employee or his disobedience of express instructions. However, it is well-established now that intentional harms can be within the scope of employment, but the employer will not be held liable unless the employee's intentional act was committed in furtherance of his employer's business. See generally, Theall, Gary E., Comment, "Tort Law in LouisianaThe Supplementary Tort Articles 2317-2322," 44 Tulane Law Review 119, 143 (1969).
There can be no doubt that Harrall was in the course of his employment at the time that Willie Lee Strawder was shot, inasmuch as the incident occurred during Harrall's employment hours, on his employer's premises, and while he was concluding the sale of cigarettes to Strawder *517 as per his employment instructions. (Tr. 86-87, 89-92, 94-98). Whether or not the shooting occurred within the scope of Harrall's employment presents another question.
In all of the cases cited by counsel in which the employer was held liable for the delictual acts of an employee committed against a third person the employee was either using unnecessary and excessive force, or an illegal instrument or illegal method, while performing an authorized act. For example, in the suit of Lewis v. State, 176 So.2d 718 (La.App.1st Cir. 1965) where officers of a penal institution, authorized to impose punishment and maintain discipline, used unnecessary force in punishing inmate by flogging him; Smith v. Foucha, 172 So.2d 318 (La.App.4th Cir. 1965) in which a care-taker watchman of a tavern, employed to protect premises and authorized to possess and use a firearm, shot a patron returning to get his coat; Berryman v. International Paper Co., 139 So.2d 806 (La.App.3d Cir. 1962) where employees of paper company which had been experiencing thefts of its tools used excessive force in attempting to make "citizen arrests" according to methods in which their employer had instructed them; Marie v. Dennis Sheen Transfer, Inc., 134 So.2d 407 (La.App.4th Cir. 1961) where a fight developed between employee and third person over loading and unloading of truck, which employee was employed to do; Moore v. Blanchard, 216 La. 253, 43 So.2d 599 (1949) in which an armed "bouncer" of a nightclub, hired to eject unruly customers and maintain order, assaulted a third person in the course of performing his duties; Starnes v. Monsour's No. 4, 30 So.2d 135 (La.App.2d Cir. 1947) of similar import with Moore v. Blanchard, supra; Healy v. Playland Amusements, Inc., 199 So. 682 (La.App. Orl. 1941) where employees hired to eject unruly customers and prevent vandalism either used unnecessary force in plucking customer off of a ride device in an amusement park or picked the wrong man; Bearman v. Southern Bell Telephone, 17 La.App. 89, 134 So. 787 (1931) where a night watchman used an illegal method in performing authorized duties; Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App.1st Cir. 1970) where a police officer used excessive force in arresting a person.
Jackie Claude Harrall was not hired to protect the premises of Jefferson Oil Co., or to maintain order upon its premises by ejecting unruly persons. He was not even hired to "manage" the station. He was not authorized to use a firearm in connection with his duties. He was not supplied one by his employer; nor is there any evidence to indicate that the station manager, Mr. Hoyt, knew that he had a shotgun on the premises. The lower court judge found that Jackie Claude exceeded the scope of his employment and stepped outside it when he took up the shotgun and shot the plaintiff. (Tr. 42Reasons for judgment). We believe and so hold that the trial judge has properly applied the law in accordance with the evidence before the court, and Harrall's employer, Jefferson Oil Company, cannot be held liable on this account for his intentional wrong under the provisions of C.C. Art. 2320 and the jurisprudence of this state, interpreting the meaning of said article. Although Harrall had been in the process of selling a package of cigarettes, clearly a duty with which he was charged, his act of procuring the shotgun and shooting the minor boy amounted to a departure from the scope of his authority, which was in no way associated with the responsibilities devolving upon Harrall. Not only was this a wilful and intentional act outside his authority, but the evidence preponderates to the effect that even his possession of the firearm on the premises was against the specific instruction of his immediate superior.
The court will now consider whether or not Jefferson Oil Company was negligent in selecting Harrall as its employee. Under C.C. Art. 2320 "* * * responsibility only attaches, when the masters or employers * * * might have prevented the act which caused the *518 damage, and have not done it." In the original form of this article, as it appeared in the Louisiana Digest of 1808, masters and principals were held responsible for the delinquency of their servants and agents in the functions for which they employed them, and it was considered that they were able "to prevent the delinquency when it was committed through their neglect to watch over the conduct of those for whom they are answerable, or when it was committed in their presence." This last provision was deleted from the Civil Code of 1825 without comment. We opine that the aforementioned are the circumstances under which the redactors of our Code intended for employers to be liable for their failure to prevent a delict by their servants. Prevention in terms of not hiring the particular employee who commits the wrongful act was not envisioned by the redactors of our Civil Code, or its antecedent, the Digest of 1808.
In Theall's comment, cited page 141, the author suggests that the "prevention clause" has practically been read out of said Article 2320 for the simple reason that the clause would nullify the liability which the article is designed to uphold.
Although Hoyt knew of Harrall's being on parole (Tr. 66) when he hired him as an attendant about a week before the incident complained of, there is no evidence to show that Hoyt actually knew of his police record, or had any reason to know of his allegedly vicious character and potentiality as a trouble-maker. There seems to be no reason in law to consider or hold Mr. Hoyt negligent in hiring young Harrall, to assist and aid him, and as a favor to his mother. We are unable to reason that Hoyt's conduct in engaging the services of Harrall suggested a lack of care and a disinterest in the welfare and safety of the traveling public, simply because Harrall was on parole from a penitentiary. The evidence on this score does not support liability devolving upon Jefferson Oil Company under C. C. Art. 2320 for the wilful tortious act of Harrall, which was clearly beyond the scope of his authority.
The contention raised here with regard to an employer's duty to protect the public was not included in the pre-trial order for trial in the lower court. This fact is of no moment, as there is no evidence in the record to support a finding on this issue.
The plaintiff-appellant complains that a new trial should have been granted by the lower court for the reason that the testimony of Harrall was not obtained below. Defendant-appellee, Jefferson Oil Company, correctly points out that plaintiff did not prove that there was newly discovered evidence, not available at the time of trial, nor was plaintiff able to show that due diligence was used by him, over the eight month period from the date of filing while this suit was awaiting trial, in attempting to obtain Harrall's testimony. Also, there is no showing that Harrall's testimony, if obtained, would change or alter the conclusions reached by the court.
We now turn our attention to the matter of damages. It was stipulated that medical expenses incurred at the Charity Hospital in New Orleans amounted to $4,151.55. The trial judge properly awarded judgment in this amount for the benefit of the hospital. The trial judge also awarded plaintiff, for and on behalf of her minor son, the sum of $6,000.00 representing injuries sustained by the latter as a result of the gunshot wound inflicted upon him by the defendant, Harrall. Our review of the record convinces us that the sum awarded for pain, suffering and permanent injuries is wholly inadequate. Undoubtedly, the trial judge considered the impecunious condition of Harrall together with the fact that Harrall is now confined in the Louisiana State Penitentiary. Nonetheless, this defendant did not make an appearance nor was there any plea on his behalf urging his inability to stand in judgment. Accordingly, we feel that the sum of $6,000.00 should be increased to $20,000.00. Young Strawder was confined to the Charity Hospital *519 for 102 days where he underwent a series of skin grafts. The principal injury was to his right knee which is permanently damaged. It was necessary for him to wear a leg brace for a period of eight months. In addition to these factors the scar tissue formations have left the knee permanently disfigured. As of the date of the trial young Strawder was still experiencing considerable discomfort.
We hold that the trial judge properly dismissed the suit against the defendant-appellee, Jefferson Oil Company.
Accordingly, for the above and foregoing reasons the judgment of the district court is amended to increase the award for personal injuries from $6,000.00 to $20,000.00 and as amended is affirmed at the cost of defendant-Jackie Claude Harrall.
Amended and affirmed.